BUCHALTER
A Professional Corporation
**Sanjay Bhandari (181920)**
655 W. Broadway, Suite 1600
San Diego, California 92101
Telephone:  619.219.5335
E-mail: sbhandari@buchalter.com

**Mitchell S. Kim (276429)**
1000 Wilshire Blvd., Suite 1500
Los Angeles, California 90017
Telephone:  (213) 563-8360
E-mail: mkim@buchalter.com

Attorneys for Defendants, DF GROWTH REIT, LLC;
DF GROWTH REIT II, LLC; DIVERSYFUND, INC.;
CRAIG CECILIO; and ALAN LEWIS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FERRY et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DF GROWTH REIT, LLC et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-02001-AJB-WVG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL IN SUPPORT OF MOTION TO DISMISS AND STRIKE**<br><br>Filed without a hearing date pursuant to the Court's March 2, 2023 Order (Docket No. 11) |

　　　　Pursuant to Federal Rule of Evidence Section 201, at any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2). Proper subject for judicial notice include documents, pleadings, and orders or decisions in any federal or state court or even earlier related proceedings in the litigation.  *See Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 746 (8th Cir. 1996); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, fn. 1 (9th Cir. 1996).  Courts "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the

facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 (9th Cir. 2012) (holding that "[t]he district court did not abuse its discretion by taking judicial notice of the filings in the *New England Carpenters* litigation, and the parties do not argue otherwise" because "[t]here was no dispute about the contents or about the statements from those filings that the district court considered through judicial notice"). Further, a court *may* take judicial notice of such facts *sua sponte* but *must* take judicial notice where a party requests the court to do so and "the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1)-(2).

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), courts may supplement "the facts and inferences from the body of the complaint with [1] 'data points gleaned from documents incorporated by reference into the complaint, [2] matters of public record, and [3] facts susceptible to judicial notice.'" *Rosen v. Uber Techs., Inc.*, 164 F. Supp. 3d 1165, 1171 (N.D. Cal. 2016); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (providing that on a motion to dismiss, "courts may consider materials incorporated into the complaint or matters of public record"); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001) (noting that a district court may not take judicial notice of a disputed fact in a public record). "Courts "may also consider unattached evidence on which the complaint 'necessarily relies' [even if not explicitly mentioned in the complaint] if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Based on the above authority allowing this Court to take judicial notice of certain facts and documents when ruling on a motion to dismiss, Defendants DF Growth REIT, LLC, a Delaware limited liability company ("REIT I"); DF Growth

REIT II, LLC, a Delaware limited liability company ("REIT II"); DiversyFund, Inc., a Delaware corporation ("DiversyFund"); Craig Cecilio; and Alan Lewis (collectively, "Defendants"), by and through its attorneys of record, hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence Section 201, of the following facts and documents attached hereto, in support of its Motion to Dismiss the First Amended Complaint of Plaintiffs Mark Ferry, Igor Korostelev, Ryan Krause, and Valerie Hamerling (collectively, "Plaintiffs"):

1. That, as evidenced by, **Exhibit** "**1**," which is a true and correct copy of C. Craig Cecilio's real estate license information from the California Department of Real Estate. This document is publicly accessible and can be located on the California Department of Real Estate's website by searching for Mr. Cecilio's license. Specifically, this document can be located at the following link: https://www2.dre.ca.gov/PublicASP/pplinfo.asp?License_id=01322708. The official records of the California Department of Real Estate are subject to judicial notice as a public record. Fed. R. Evid. 201(b); *Interstate Natural Gas Co. v. Southern California Gas Co.,* 209 F.2d 380, 385 (9th Cir. 1953) (courts "may take judicial notice of records and reports of administrative bodies."). Thus, judicial notice of this document is appropriate, especially when relied upon and referenced by Plaintiffs. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007–08 (9th Cir. 2015) (acknowledging that courts may take judicial notice of documents referenced by the complaint); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001) (providing that "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

2. That, as evidenced by, **Exhibit** "**2**," which is a true and correct copy of the September 13, 2017 Stipulation and Agreement between Coastal California Funding Group, Inc. and C. Craig Cecilio. Mr. Cecilio neither admitted nor denied

the allegations against him and stipulated to a judgment in the interests of expediency. This document is publicly accessible and can be located on the California Department of Real Estate's website specifically by for Mr. Cecilio's license and then accessing the second document listed under "Disciplinary or Formal Action Documents." Specifically, this document can be located at the following link: https://www2.dre.ca.gov/hearingfiles/H04876SD_171002_P.pdf. The official records of the California Department of Real Estate are subject to judicial notice as a public record. Fed. R. Evid. 201(b); *Interstate Natural Gas Co. v. Southern California Gas Co.,* 209 F.2d 380, 385 (9th Cir. 1953) (courts "may take judicial notice of records and reports of administrative bodies."). Thus, judicial notice of this document is appropriate, especially when relied upon and referenced by Plaintiffs. *See Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007–08 (9th Cir. 2015) (acknowledging that courts may take judicial notice of documents referenced by the complaint); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001) (providing that "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

3. That, as evidenced by, **Exhibit** "**3**," which is a true and correct copy of a the publicly filed January 2021 Notice of Qualification filed with the SEC with respect to REIT II, REIT II publicly disclosed that it co-invests with DiversyFund and its affiliates, which includes REIT I. *See Hammitt*, 19 F. Supp. 3d at 1004 (noting that "[a] court may take judicial notice of SEC filings").

4. That, as evidenced by, **Exhibit** "**4**," which is a true and correct copy of a REIT II's original December 2, 2020 Offering Circular relied upon by Plaintiffs in the FAC, REIT II publicly disclosed that it co-invests with DiversyFund and its affiliates, which includes REIT I, shares common management, and disclosed capital needs. *Hammitt*, 19 F. Supp. 3d at 1004.

Case 3:22-cv-02001-AJB-WVG   Document 14-1   Filed 04/03/23   PageID.170   Page 5 of 5

5. That, as evidenced by, **Exhibit** "**5**," which is a true and correct copy of the SEC's November 14, 2022 Order on the SEC's Motion for Summary Disposition relied upon by Plaintiffs in the FAC, that the administrative law judge concluded that "the evidence presented is insufficient to support the Division's claims that Respondent misrepresented its minimum capital requirements and the relationship between REIT I and REIT II."  This document is publicly accessible and can be located at the following link: https://www.sec.gov/alj/aljorders/2022/ap-6879.pdf at 2. *Hammitt*, 19 F. Supp. 3d at 1004.

6. That as evidenced by, **Exhibit** "**6**," which is a true and correct copy of the REIT I's May 21, 2019 Offering Circular Supplement No. 3, the May 2019 disclosure did not, in fact, show payments of over **$1,250,000.00** in developer fees. *Hammitt*, 19 F. Supp. 3d at 1004.

7. That as evidenced by, **Exhibit** "**7**," which is a true and correct copy of the REIT II's May 3, 2022 Form 1-K Annual Report, REIT II's total expenses as **$1,056,792.00** (*i.e.*, less than **$1,280,000.00**). *Hammitt*, 19 F. Supp. 3d at 1004.

DATED: April 3, 2023

BUCHALTER
A Professional Corporation

By: */s/ Sanjay Bhandari*
SANJAY BHANDARI
Attorneys for Defendants, DF GROWTH REIT, LLC; DF GROWTH REIT II, LLC; DIVERSYFUND, INC.; CRAIG CECILIO; and ALAN LEWIS

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

-5-                                              3:22-cv-02001-AJB-WVG
DEFENDANTS' REQUEST FOR JUDICIAL IN SUPPORT OF MOTION TO DISMISS AND STRIKE