# EXHIBIT "2"

Bureau of Real Estate
320 West Fourth Street, #350
Los Angeles, California 90013
(213) 576-6982

FILED
SEP 13 2017
BUREAU OF REAL ESTATE
By [signature]

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

| | |
|---|---|
| In the Matter of the Accusation of<br><br>COASTAL CALIFORNIA FUNDING GROUP INC and<br>**<u>C. CRAIG CECILIO</u>**,<br>individually and as designated officer of Coastal California Funding Group Inc,<br><br>Respondent. | No. H-04876 SD<br><br>**<u>STIPULATION AND AGREEMENT</u>** |

It is hereby stipulated by and between C. CRAIG CECILIO ("CECILIO"), represented by Joshua A. Rosenthal, Esq. of Medlin & Hargrave, A Professional Corporation, and the Complainant, acting by and through Julie L. To, Counsel for the Bureau of Real Estate, as follows for the purpose of settling and disposing of the Accusation ("Accusation") filed on February 15, 2017 in Case No. H-04876 SD, in this matter:

1. All issues which were to be contested and all evidence which was to be presented by Complainant and Respondent at a formal hearing on the Accusation, which hearing

was to be held in accordance with the provisions of the Administrative Procedure Act ("APA"), shall instead and in place thereof be submitted solely on the basis of the provisions of this Stipulation and Agreement ("Stipulation").

2. Respondent has received, read and understands the Statement to Respondent, the Discovery Provisions of the APA and the Accusation filed by the Bureau of Real Estate in this proceeding.

3. On March 1, 2017, Respondent filed a Notice of Defense pursuant to Section 11506 of the Government Code for the purpose of requesting a hearing on the allegations in the Accusation. Respondent hereby freely and voluntarily withdraws his Notice of Defense. Respondent acknowledges that he understands that by withdrawing said Notice of Defense he thereby waives his right to require the Commissioner to prove the allegations in the Accusation at a contested hearing held in accordance with the provisions of the APA and that he will waive other rights afforded to him in connection with the hearing such as the right to present evidence in defense of the allegations in the Accusation and the right to cross-examine witnesses.

4. This Stipulation is based on the factual allegations contained in the Accusation. In the interest of expedience and economy, Respondent chooses not to contest these allegations, but to remain silent and understands that, as a result thereof, these factual allegations, without being admitted or denied, will serve as a prima facie basis for the disciplinary action stipulated to herein. The Real Estate Commissioner shall not be required to provide further evidence to prove said factual allegations.

5. This Stipulation is made for the purpose of reaching an agreed disposition of this proceeding and is expressly limited to this proceeding and any other proceeding or case in which the Bureau of Real Estate ("Bureau") or another licensing agency of this state, another state or if the federal government is involved, and otherwise shall not be admissible in any other criminal or civil proceeding.

6. It is understood by the parties that the Real Estate Commissioner may adopt this Stipulation and Agreement as his Decision in this matter, thereby imposing the penalty and sanctions on Respondent's real estate license and license rights as set forth in the below "Order." In the event that the Commissioner in his discretion does not adopt the Stipulation and Agreement, the Stipulation shall be void and of no effect, and Respondent shall retain the right to a hearing and proceeding on the Accusation under all the provisions of the APA and shall not be bound by any admission or waiver made herein.

7. The Order or any subsequent Order of the Real Estate Commissioner made pursuant to this Stipulation shall not constitute an estoppel, merger or bar to any further administrative or civil proceedings by the Bureau of Real Estate with respect to any matters which were not specifically alleged to be causes for accusation in this proceeding.

8. Respondent understands that by agreeing to this Stipulation and Agreement, Respondent agrees to pay, pursuant to Section 10148 of the Code, the cost of the audit which resulted in the determination that Respondent committed the violations found in the Determination of Issues. The amount of said costs for the original audit (Audit No. SD150019) is $8,787.50. Respondent agrees to pay, pursuant to Section 10148 of the Code, $8,787.50 for the cost of Audit No. SD150019.

9. Respondent has received, read, and understands the "Notice Concerning Costs of Subsequent Audit." Respondent further understands that by agreeing to this Stipulation, the findings set forth below in the Determination of Issues become final, and the Commissioner may charge Respondent for the cost of any subsequent audits conducted pursuant to Business and Professions Code Section 10148 to determine if the violations have been corrected. The maximum cost of the follow-up audits will not exceed one hundred twenty percent (120%) of the cost of the original audits. In the instant case, the total cost of the original audit SD150019 is $8,787.50, and the maximum cost of the follow-up audits will not exceed $10,545.00. Therefore,

Respondents may be charged a maximum of $10,545.00 in the event of a subsequent audit.

10. Respondent understands that by agreeing to this Stipulation and Agreement, Respondent agrees to pay, pursuant to Section 10106 of the California Business and Professions Code ("Code"), the cost of the investigation and enforcement which resulted in the determination that Respondents committed the violations found in the Determination of Issues. The amount of said costs is $458.20; therefore, Respondent agrees to pay, pursuant to Section 10106 of the Code, $458.20.

## DETERMINATION OF ISSUES

By reason of the foregoing stipulations, admissions and waivers and solely for the purpose of settlement of the pending Accusation without a hearing, it is stipulated and agreed that the following determination of issues shall be made:

The conduct, acts or omissions of Respondent C. CRAIG CECILIO, as described in Paragraph 4, herein above, are [Audit SD150019] in violation of: Business and Professions Code ("Code") Sections 10159.2 and Regulation 2725, and are bases for the suspension or revocation of Respondent CECILIO's license and license rights as a violation of the Real Estate Law pursuant to Code Sections 10177(d), 10177(g), and 10177(h).

///

///

///

///

///

///

///

///

///

## ORDER

WHEREFORE, THE FOLLOWING ORDER is hereby made:

All licenses and licensing rights of Respondent C. CRAIG CECILIO under the Real Estate Law are suspended for a period of sixty (60) days from the effective date of this Decision and Order; provided, however, that:

1. Thirty (30) days of said suspension shall be stayed, upon the condition that Respondent petitions pursuant to Section 10175.2 of the Code and pays a monetary penalty pursuant to Section 10175.2 of the Code at a rate of one hundred dollars ($100.00) for each day of the suspension for a total monetary penalty of $3,000.

a) Said payment shall be in the form of a cashier's check made payable to the Bureau of Real Estate. Said check must be delivered to the Bureau of Real Estate, Flag Section at P.O. Box 137013, Sacramento, CA 95813-7013, prior to the effective date of this Decision and Order.

b) No further cause for disciplinary action against the Real Estate license(s) of Respondent occurs within two (2) years from the effective date of the Decision and Order in this matter.

c) If Respondent fails to pay the monetary penalty in accordance with the terms and conditions of this Decision and Order, the suspension shall go into effect automatically. Respondent shall not be entitled to any repayment nor credit, prorated or otherwise, for money paid to the Bureau under the terms of this Decision and Order.

d) If Respondent pays the monetary penalty and any other moneys due under this Stipulation and Agreement and if no further cause for disciplinary action against the Real Estate license(s) of Respondent occurs within two (2) years

from the effective date of this Decision and Order, the entire stay hereby granted pursuant to this Decision and Order, shall become permanent.

2. Thirty (30) days of said suspension shall be stayed for two (2) years upon the following terms and conditions:

a) Respondent shall obey all laws, rules and regulations governing the rights, duties and responsibilities of a real estate licensee in the State of California; and,

b) That no final subsequent determination be made, after hearing or upon stipulation, that cause of disciplinary action occurred within two (2) years from the effective date of this Decision and Order. Should such a determination be made, the Commissioner may, in his discretion, vacate and set aside the stay order and reimpose all or a portion of the stayed suspension. Should no such determination be made, the stay imposed herein shall become permanent.

3. All licenses and licensing rights of Respondent are indefinitely suspended unless or until Respondent provides proof satisfactory to the Commissioner of having taken and successfully completed the continuing education course on trust fund accounting and handling specified in paragraph (3) of subdivision (a) of Section 10170.5 of the Business and Professions Code. Proof of satisfaction of these requirements includes evidence that Respondent has successfully completed the trust fund accounting courses, no earlier than one hundred and twenty (120) days prior to the effective date of the Decision and Order in this matter. Proof of completion of the trust fund accounting and handling courses must be delivered to the Bureau of Real Estate, Flag Section, at P.O. Box 137013, Sacramento, CA 95813-7013 or by fax at 916-263-8758, prior to the effective date of this Decision and Order.

4. Respondent shall, within six (6) months from the effective date of this Decision and Order, take and pass the Professional Responsibility Examination administered by the Bureau including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, Respondent's real estate license shall automatically be suspended until Respondent passes the examination.

5. Respondent shall, within nine (9) months from the effective date of this Decision and Order, present evidence satisfactory to the Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, Respondent's real estate license shall automatically be suspended until Respondent presents evidence satisfactory to the Commissioner of having taken and successfully completed the continuing education requirements. Proof of completion of the continuing education courses must be delivered to the Bureau of Real Estate, Flag Section at P.O. Box 137013, Sacramento, CA 95813-7013.

6. All licenses and licensing rights of Respondent are indefinitely suspended unless or until Respondent pays the sum of $458.20 for the Commissioner's reasonable cost of the investigation and enforcement which led to this disciplinary action. Said payment shall be in the form of a cashier's check or certified check made payable to the Bureau of Real Estate. The investigation and enforcement costs must be delivered to the Bureau of Real Estate, Flag Section at P.O. Box 137013, Sacramento, CA 95813-7013, prior to the effective date of this Decision and Order.

///

///

///

7. Pursuant to Section 10148 of the Code, Respondent shall pay the sum of $8,787.50 for the Commissioner's cost of the audit which led to this disciplinary action. Respondent shall pay such cost within sixty (60) days of receiving an invoice therefore from the Commissioner. Payment of audit costs should not be made until Respondent receives the invoice. If Respondent fails to satisfy this condition in a timely manner as provided for herein, Respondent's real estate license shall automatically be suspended until payment is made in full, or until a decision providing otherwise is adopted following a hearing held pursuant to this condition.

DATED: ______________ ________________________________

Julie L. To, Counsel for Complainant

* * *

I have read the Stipulation and Agreement, have discussed it with my counsel, and its terms are understood by me and are agreeable and acceptable to me. I understand that I am waiving rights given to me by the California Administrative Procedure Act (including, but not limited to Sections 11506, 11508, 11509 and 11513 of the Government Code), and I willingly, intelligently and voluntarily waive those rights, including the right of requiring the Commissioner to prove the allegations in the Accusation at a hearing at which I would have the right to cross-examine witnesses against me and to present evidence in defense and mitigation of the charges.

Respondent shall send a hard copy of the original signed Stipulation and Agreement to: Julie To, Bureau of Real Estate, 320 West Fourth Street, Suite 350, Los Angeles, CA 90013. In the event of time constraints before an administrative hearing, Respondent can signify acceptance and approval of the terms and conditions of this Stipulation and Agreement by emailing a scanned copy of the signature page, as actually signed by Respondent, to the Bureau counsel assigned to this case. Respondent agrees, acknowledges and understands that by

7. Pursuant to Section 10148 of the Code, Respondent shall pay the sum of $8,787.50 for the Commissioner's cost of the audit which led to this disciplinary action. Respondent shall pay such cost within sixty (60) days of receiving an invoice therefore from the Commissioner. Payment of audit costs should not be made until Respondent receives the invoice. If Respondent fails to satisfy this condition in a timely manner as provided for herein, Respondent's real estate license shall automatically be suspended until payment is made in full, or until a decision providing otherwise is adopted following a hearing held pursuant to this condition.

DATED: 7-28-17

Julie L. To, Counsel for Complainant

* * *

I have read the Stipulation and Agreement, have discussed it with my counsel, and its terms are understood by me and are agreeable and acceptable to me. I understand that I am waiving rights given to me by the California Administrative Procedure Act (including, but not limited to Sections 11506, 11508, 11509 and 11513 of the Government Code), and I willingly, intelligently and voluntarily waive those rights, including the right of requiring the Commissioner to prove the allegations in the Accusation at a hearing at which I would have the right to cross-examine witnesses against me and to present evidence in defense and mitigation of the charges.

Respondent shall send a hard copy of the original signed Stipulation and Agreement to: Julie To, Bureau of Real Estate, 320 West Fourth Street, Suite 350, Los Angeles, CA 90013. In the event of time constraints before an administrative hearing, Respondent can signify acceptance and approval of the terms and conditions of this Stipulation and Agreement by emailing a scanned copy of the signature page, as actually signed by Respondent, to the Bureau counsel assigned to this case. Respondent agrees, acknowledges and understands that by

electronically sending the Bureau a scan of Respondent's actual signature as it appears on the Stipulation and Agreement, that receipt of the scan by the Bureau shall be binding on Respondent as if the Bureau had received the original signed Stipulation and Agreement.

DATED: 7/26/17 ______________________________
C. CRAIG CECILIO, Respondent

*I have reviewed the Stipulation and Agreement as to form and content and have advised my client accordingly.*

DATED: 7/28/17 ______________________________
Joshua A. Rosenthal, Attorney for Respondent C. CRAIG CECILIO

* * *

The foregoing Stipulation and Agreement is hereby adopted as my Decision in this matter and shall become effective at 12 o'clock noon on ______________.

IT IS SO ORDERED ______________.

REAL ESTATE COMMISSIONER

______________________________
WAYNE S. BELL

electronically sending the Bureau a scan of Respondent's actual signature as it appears on the Stipulation and Agreement, that receipt of the scan by the Bureau shall be binding on Respondent as if the Bureau had received the original signed Stipulation and Agreement.

DATED: 7/26/17

C. CRAIG CECILIO, Respondent

*I have reviewed the Stipulation and Agreement as to form and content and have advised my client accordingly.*

DATED: ____________

Joshua A. Rosenthal, Attorney for Respondent C. CRAIG CECILIO

* * *

The foregoing Stipulation and Agreement is hereby adopted as my Decision in this matter and shall become effective at 12 o'clock noon on ______________.

IT IS SO ORDERED ______________.

REAL ESTATE COMMISSIONER

WAYNE S. BELL

electronically sending the Bureau a scan of Respondent's actual signature as it appears on the Stipulation and Agreement, that receipt of the scan by the Bureau shall be binding on Respondent as if the Bureau had received the original signed Stipulation and Agreement.

DATED:______________

C. CRAIG CECILIO, Respondent

*I have reviewed the Stipulation and Agreement as to form and content and have advised my client accordingly.*

DATED: ______________

Joshua A. Rosenthal, Attorney for Respondent C. CRAIG CECILIO

* * *

The foregoing Stipulation and Agreement is hereby adopted as my Decision in this matter and shall become effective at 12 o'clock noon on OCT 02 2017.

IT IS SO ORDERED 8/30/2017

REAL ESTATE COMMISSIONER

[signature]

WAYNE S. BELL