# EXHIBIT "5"

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

ADMINISTRATIVE PROCEEDINGS RULINGS
Release No. 6879/November 14, 2022

ADMINISTRATIVE PROCEEDING
File No. 3-20801

---

In the Matter of :
:
DF GROWTH REIT II, LLC : ORDER

---

The Securities and Exchange Commission instituted this proceeding with an Order Temporarily Suspending Exemption Pursuant to Section 3(b) of the Securities Act of 1933 and Rule 258 of Regulation A[1] Thereunder and Notice of Opportunity for Hearing on March 16, 2022. Respondent DF Growth REIT II, LLC (Respondent or REIT II), requested a hearing, and, on March 31, 2022, the Commission ordered that the matter be heard by an Administrative Law Judge (ALJ). On May 16, 2022, the proceeding was reassigned to the undersigned.

Under consideration are the Division of Enforcement's Motion for Summary Disposition and responsive pleadings. In accordance with the procedural schedule adopted on May 26, 2022, as supplemented on August 1 and September 14, 2022,[2] the Division filed its motion on June 3, 2022; REIT II, an Opposition on June 21, 2022; the Division, a Reply on June 28, 2022; REIT II, an Opposition on September 19, 2022; and the Division, a Reply on September 28, 2022.

This proceeding concerns a Regulation A offering statement filed by REIT II on December 23, 2020, on Securities Act Form 1-A and amended on Form 1-A/A on January 21, 2021. The Division seeks a permanent suspension of REIT II's use of the Regulation A exemption, pursuant to Securities Act Section 3(b) and Rule 258(a)(1), (2) thereunder. Specifically, the Division alleges that DF Growth REIT II failed to comply with requirements of Regulation A by (1) engaging in a delayed offering, in violation of Rule 251(d), and (2) raising its maximum offering amount from $50 million to $75 million through filing an offering circular supplement rather than through a new offering statement or amendment, in violation of Rule 253(b). It further alleges that Respondent's offering statements and solicitation materials contained untrue or misleading statements of material fact relating to (1) the separation of "REIT II" from "REIT I," DiversyFund's previously existing

---

[1] Regulation A consists of Securities Act Rules: 17 C.F.R. §§ 230.251-263 (Rules 251-263).

[2] *See DF Growth REIT II, LLC*, Admin. Proc. Rulings Release Nos. 6853, 2022 SEC LEXIS 1355 (A.L.J. May 26, 2022); 6860, 2022 SEC LEXIS ____ (A.L.J. Aug. 1, 2022); 6869, 2022 SEC LEXIS 2375 (A.L.J. Sept. 14, 2022). The proceeding was stayed between August 15 and September 14, 2022, based on the parties' request for a Stay Pending Commission Consideration of Offer of Settlement. *DF Growth REIT II, LLC*, 2022 SEC LEXIS 2375.

real estate investment fund, (2) the minimum cash amount needed for its business and the significant risk of loss to REIT II investors if REIT II were unable to raise sufficient capital in its Regulation A offering, and (3) the fees that investors would be charged. Respondent vigorously contests these allegations, and both parties expanded these arguments in their filings on the summary disposition motion and provided affidavits and documentary evidence.

While the Division argues that permanent suspension is warranted on the basis of undisputed facts, it appears that questions of material fact remain as to one or more claims or defenses. For example, the evidence provided reveals a dispute of material fact as to when Respondent began soliciting investors. *Compare* Mot. Summ. Disp. Exs. 2 at 1-2, 21 at 75-77, *with* Ex. 22 at 76. There is also a material dispute as to whether Respondent signed advisory agreements for its investors and invested their funds in REIT II without their knowledge. The Division presented evidence in the form of declarations from three investors that they either had not signed advisory agreements or had not consented to investing in REIT II. Mot. Summ. Disp. Exs. 25, 26, 27. Respondent countered this as to one of the three investors with a declaration of DiversyFund's Head of Product and Technology, who is responsible for its website and investor portal. Decl. of David Legacki (filed Jul. 15, 2022). Moreover, the evidence presented is insufficient to support the Division's claims that Respondent misrepresented its minimum capital requirements and the relationship between REIT I and REIT II.

Some of the Division's other allegations appear to be supported by undisputed facts, such as its claim that Respondent violated Rule 253(b) by raising its maximum offering amount from $50 million to $75 million through filing an offering circular supplement rather than through a new offering statement or amendment. Mot. Summ. Disp. Ex. 3. That violation alone might *permit* the entry of a permanent suspension, but does not require it. Rule 258(d), referring back to Rule 258(a)(1), provides that the "Commission *may* . . . after notice of and opportunity for hearing, . . . permanently [suspend] the exemption for any reason [specified for] a temporary suspension under [Rule 258(a)]" (emphasis added), which includes when "any of the terms, conditions or requirements of Regulation A have not been complied with." The Rule's use of "may" means that it does not *require* a permanent suspension. Hearing testimony could further clarify the circumstances of Respondent's violation and whether there are any mitigating factors.

The Division's Motion is DENIED. The parties are ordered to confer on prehearing and other procedures for the resolution of the issues in this proceeding and to file a joint proposal by December 9, 2022. The hearing has been scheduled to commence on April 17, 2023, consistent with 17 C.F.R. § 201.200(c). *DF Growth REIT II, LLC*, Admin. Proc. Rulings Release No. 6877, 2022 SEC LEXIS 2911 (A.L.J. Oct. 31, 2022).

IT IS SO ORDERED.

/S/ Carol Fox Foelak
Carol Fox Foelak
Administrative Law Judge