LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons (SBN 244977)
92 Hopmeadow Street, Suite LL1
Weatogue, CT 06089
Tel: (860) 920-5181
Fax: (860) 920-5174
joshuakons@konslaw.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV, and RYAN KRAUSE

**U.S. DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV and RYAN KRAUSE, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

DF GROWTH REIT, LLC,
DF GROWTH REIT II, LLC,
DIVERSYFUND, INC.,
CRAIG CECILIO, and ALAN LEWIS,

Defendants.

CASE NO. 22-CV-2001-AJB-WVG

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs Mark Ferry, Valerie Hamerling, Igor Korostelev and Ryan Krause (the "Plaintiffs") respectfully request that the Court take judicial notice of the following exhibits attached to the concurrently filed Declaration of Joshua B. Kons ("Kons Declaration"):

Exhibit 1: A true and correct copy of the November 14, 2022, Order Denying Summary Disposition and ordering a hearing on the merits to commence April 17, 2023 in the SEC administrative proceeding (Ad. Proc. File No. 3-20801). This document is publicly accessible at the following link: https://www.sec.gov/alj/aljorders/2022/ap-6879.pdf

Exhibit 2: A true and correct copy of the complaint filed in Mercer County Superior Court in New Jersey by Defendants against their securities law firm for professional malpractice, captioned: *DF Growth REIT, LLC v. Flaster Greenberg P.C., et al,* N.J. Superior Court Docket No. MER-L-000200-23.

Exhibit 3: A true and correct copy of a full printout of a page from the DiversyFund.com website from April 2021 from Archive.org. This document is publicly accessible at the following link:

https://web.archive.org/web/20210413033206mp_/https://diversyfund.com/investment_offering/diversyfund-growth-reit/

Exhibit 4: A true and correct copy of the accusation by the California Bureau of Real Estate (the "BRE") filed February 15, 2017. The BRE alleged that, among other things, Defendant Craig Cecilio and a company 100% owned and controlled by him, Coastal California Funding Group, Inc. ("Coastal"), incurred shortages in trust accounts entrusted to it in connection with Coastal's loan servicing business, and that Cecilio failed to properly supervise Coastal and its staff. Among other issues, the accusation claims audits discovered a discrepancy of $1,224,406.26 in Coastal's books related to funds received by not deposited in a trust account, and a shortfall in one of the 56 trust accounts maintained by Coastal of $94,813.20. This document is publicly accessible at the following link: https://www2.dre.ca.gov/hearingfiles/H04876SD_170215_P.pdf

Exhibit 5: A true and correct copy of the declaration of Defendant Alan Lewis filed as Exhibit 7 to the Defendants' Emergency Motion to Stay filed in Ninth Circuit (*Diversyfund, Inc., et al v. USSEC*, Case No. 22-70023, Dkt. 2, at 94-98 dated February 28, 2022).

Exhibit 6: A true and correct copy of the docket sheet from the Defendants' Emergency Motion to Stay filed in Ninth Circuit (*Diversyfund, Inc., et al v. USSEC*, Case No. 22-70023).

Exhibit 7: A true and correct copy of the March 16, 2022, Order Temporarily Suspending REIT II, LLC's Regulation A. Exemption (Ad. Proc. File No. 3-20801). This document is publicly accessible at the following link: https://www.sec.gov/litigation/admin/2022/33-11040.pdf

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS BECAUSE THEY ARE PUBLICLY AVAILABLE RECORDS.

Rule 201 of the Federal Rules of Evidence authorizes the Court to take judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court must take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c)(2).

/ / /

In this case, the Court should judicially notice Exhibits 1-7 to the Kons Declaration, which consist of a publicly available records including SEC filings, court documents, administrative law proceeding documents, and screenshots of Defendant's website.

Pursuant to Rule 201, courts generally and routinely take judicial notice of publicly available records from other court proceedings. *See, e.g., Reyn's Pasta Bella, LLC, v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in related action); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of court records in another action); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) ("In a motion to dismiss, a Court may take judicial notice of documents attached to or referenced in the complaint. . . ." (citation and quotation omitted).

Courts may also take judicial notice of SEC filings as well as filings in state and federal courts if relevant. *Hammitt v. Lumber Liquidators, Inc.*, 19 F. Supp. 3d 989, 1004 (S.D. Cal. 2014). *See also Patel v. Parnes*, 253 F.R.D. 531, 544–50

(C.D.Cal.2008), as well as filings in federal and state courts if they are relevant. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992)."

In addition, official records of the California Department of Real Estate are subject to judicial notice as a public record. *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (courts "may take judicial notice of records and reports of administrative bodies.").

With regard to the screenshots of Archive.org pages, they are screenshots of Defendant DiversyFund, Inc.'s webpage taken from a reliable source (archive.org) during the Class Period (April 2021). Under FRE 201(c), a Court must take notice if requested by a party and if supplied with the necessary information." *Shalaby v. Bernzomatic*, 281 F.R.D. 565, 570 (S.D. Cal. 2012)" *Moorer v. Stemgenex Med. Grp., Inc.*, Case No.: 3:16-cv-02816-AJB-NLS, at *7 (S.D. Cal. Apr. 6, 2017). And as this Court has stated before, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Moorer v. Stemgenex Med. Grp., Inc.*, Case No.: 3:16-cv-02816-AJB-NLS, at *9 (S.D. Cal. Apr. 6, 2017), citing *U.S. v. Ritchie*, 342

F.3d 903, 908 (9th Cir. 2003). The misrepresentations on the DiversyFund.com website are integral to the Plaintiffs' claims here and are referred to extensively in the FAC. Therefore, the Plaintiffs request that Exhibit 3 to the Kons Declaration be judicially noticed, or in the alternative incorporated by reference.

## II. CONCLUSION

For the reasons set forth above, the Plaintiffs' respectfully request that the Court grant judicial notice of Exhibits 1-7 attached to the Declaration of Joshua B. Kons in ruling on the Defendants' Motions to Dismiss and Motion to Strike.

Dated this April 21, 2023

/s/ Todd M. Friedman
Todd M. Friedman (SBN 216752)

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (SBN 216752)
21550 Oxnard St, Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com

LAW OFFICES OF JOSHUA B. KONS, LLC
92 Hopmeadow Street, Suite LL1
Weatogue, CT 06089
Tel: (860) 920-5181
Fax: (860) 920-5174
joshuakons@konslaw.com

LAW OFFICE OF CHRISTOPHER J. GRAY
Christopher J. Gray (*pro hac vice*)
360 Lexington Ave, 14th Floor
New York, New York 10017
Phone: (212) 838-3221
Fax: (212) 937-3139
chris@investorlawyers.net

*Attorneys for Plaintiffs*