# EXHIBIT 6

trellis

Date:
May 9th, 2024

CASE NUMBER: MERL000290-23

# Complaint with Jury Demand for MER-L-000290-23 submitted by VUOTTO, JONATHAN P, MCANDREW VUOTTO, LLC on behal…

Document prepared for:
Attorney Patrick Smith

**CASE NAME**

Df Growth Reit Llc Vs Glaster Greenberg P.C.

**DOCUMENT FILED DATE**

Feb. 10th, 2023

**CASE FILING DATE**

Feb. 10th, 2023

**COUNTY**

Mercer county, NJ

**JUDGE**

Douglas H Hurd

**CATEGORY**

Professional Malpractice

**STATUS**

Active

trellis.law/doc/175479297/complaint-with-jury-demand-for-mer-l-000290-23-submitted-by-vuotto-jonathan-p-mcandrew-vuotto-llc-on-behalf-df-growth-reit-llc-df-growth-reit-ii-llc-diversyfund-inc-craig-cecilio-alan-lewis-against-flaster-greenberg-p-c-lex-nova-llc-markley-s-rode

Robert W. McAndrew, Attorney No. 016231978
Jonathan P. Vuotto, Attorney No. 021372004
McANDREW VUOTTO, LLC
13 Mt. Kemble Avenue
Morristown, New Jersey 07960
(973) 538-6308
Attorneys for Plaintiffs, DF Growth REIT, LLC, DF Growth REIT II, LLC, DiversyFund, Inc., Craig Cecilio and Alan Lewis

| | |
|---|---|
| DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO and ALAN LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>FLASTER GREENBERG P.C., LEX NOVA LAW, LLC, MARKLEY S. RODERICK, ESQ. and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO. MER-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, DF Growth REIT, LLC, DF Growth REIT II, LLC, DiversyFund, Inc., Craig Cecilio and Alan Lewis (collectively, “Plaintiffs”), by way of Complaint against Defendants, Flaster Greenberg P.C., Lex Nova Law, LLC and Markley S. Roderick, Esq. (collectively, “Defendants”), allege as follows:

## PARTIES

1. Plaintiff DF Growth REIT, LLC (“REIT I”) is a Delaware limited liability company with a principal office located in California.

2. Plaintiff DF Growth REIT II, LLC (“REIT II”) is a Delaware limited liability company with a principal office located in California.

3. Plaintiff DiversyFund, Inc. ("DiversyFund") is a Delaware corporation with a principal office located in California, is the Sponsor of REIT I and REIT II, and is the 100% owner of DF Manager, LLC, which is the manager of both REIT I and REIT II.

4. Plaintiff Craig Cecilio ("Cecilio") is an individual who resides in California and is the Chief Executive Officer of DiversyFund.

5. Plaintiff Alan Lewis ("Lewis") is an individual who resides in California and is the Chief Investment Officer of DiversyFund.

6. On information and belief, Defendant Flaster Greenberg P.C. ("Flaster Greenberg") is a New Jersey professional corporation with multiple offices located in New Jersey, including in Mercer County.

7. On information and belief, Defendant Lex Nova Law, LLC ("Lex Nova") is a New Jersey limited liability company with a principal place of business located in New Jersey.

8. On information and belief, Defendant Markley S. Roderick, Esq. ("Roderick") is an individual attorney who resides in New Jersey and is a member of Lex Nova and was formerly a shareholder of Flaster Greenberg.

9. John Does 1-10 are unknown individuals and/or entities who, on information and belief, were attorneys or law firms who may have participated in the representation of Plaintiffs as alleged herein.

**FACTS**

10. In or around June 2017, Plaintiffs engaged Flaster Greenberg and Roderick to represent Plaintiffs in connection with securities offerings in certain real estate investment funds (including REIT I and REIT II) under U.S. Securities and Exchange Commission ("SEC") Regulation A. The engagement specifically included analysis, negotiations, research,

investigation, correspondence, communication, preparation and drafting of regulatory filings and legal documents, and related work for the securities offerings.

11. Regulation A is an exemption from registration that allows issuers to offer and sell securities to the public so long as the issuer fully complies with the regulation's requirements.

12. On October 3, 2018, REIT I filed an Offering Circular, which was prepared by Flaster Greenberg and Roderick and based on their advice, analysis, research and investigation, under Regulation A, to raise up to $50 million of capital.

13. In or around January 2020, Roderick left Flaster Greenberg and joined Lex Nova, where Roderick continued to represent Plaintiffs, along with other Lex Nova attorneys.

14. REIT II was formed in August 2020 and, based on advice, analysis, research, investigation and work product prepared by Flaster Greenberg, Lex Nova and Roderick, filed an Offering Circular under Regulation A to raise up to $50 million of capital through the sale of Class A Investor Shares.

15. On March 26, 2021, based on advice, analysis, research, investigation and work product prepared by Lex Nova and Roderick, REIT I filed an "Offering Circular Supplement" to raise its maximum offering amount from $50 million to $75 million under Regulation A. Based on Lex Nova and Roderick's advice, REIT I filed the Offering Circular Supplement rather than a new offering statement or post-qualification amendment.

16. On August 26, 2021, based on advice, analysis, research, investigation and work product prepared by Lex Nova and Roderick, REIT II filed an Offering Circular Supplement to raise its maximum offering amount from $50 million to $75 million under Regulation A. Based on Lex Nova and Roderick's advice, REIT II filed the Offering Circular Supplement rather than a new offering statement or post-qualification amendment.

17. Defendants' advice turned out to be grossly negligent and had disastrous effects on Plaintiffs.

18. The note to Rule 253(b) under Regulation A provides that "An offering circular supplement may not be used to increase the volume of securities being offered. Additional securities may only be offered pursuant to a new offering statement or post-qualification amendment qualified by the Commission." Because REIT II failed to file an offering statement or post-qualification amendment as required, it failed to obtain review, comment, and qualification by Division of Corporation Finance staff in contravention of the requirement that qualification is a necessary component for Regulation A sales.

19. As a result of Defendants' negligent advice to file Offering Circular Supplements for REIT I and REIT II rather than filing a new offering statement or post-qualification amendment, the SEC opened investigations of Plaintiffs, alleging that the violations invalidate REIT I and REIT II's respective reliance on Regulation A for the securities offerings.

20. In conducting its investigation of REIT II, the SEC has alleged that the language used in REIT II's original Offering Circular was misleading to investors in that it failed to properly disclose the relationship between REIT II and related entities (including REIT I and DiversyFund), including the expectation of additional investment capital inflow as compared to the "no minimum offering amount" language in the Offering Circular, which was prepared by Defendants and based on Defendants' advice.

21. Due to the SEC's investigation of the alleged violations, REIT II prematurely terminated its offering, and has incurred significant costs and losses, totaling over $1 million to date. The SEC also has the right to bring an enforcement proceeding to challenge REIT II's

reliance on Regulation A, which could result in remedies, including civil monetary penalties, totaling several million dollars.

22. In conducting its investigation of REIT I, the SEC has alleged or is likely to allege that the March 26, 2021 Offering Circular Supplement violated Regulation A, depriving REIT I of the ability to rely on Regulation A for the issuance of related unregistered securities. The potential penalties and damages arising from the SEC's allegations in this regard are even larger than those relating to REIT II. Similar to the investigation of REIT II, the SEC has alleged or is also likely to allege that investors were misled by the October 3, 2018 Offering Circular language relating to "no minimum offering amount," putting in issue all REIT I securities issued in reliance on Regulation A.

23. Additionally, mainly as a result of Defendants' negligent advice and work product in connection with REIT I and REIT II's respective Offering Circulars and Offering Circular Supplements, Plaintiffs have been sued by investors in a Class Action Complaint filed in the U.S. District Court for the Southern District of California, alleging violation of California securities laws, including seeking personal liability for Cecilio and Lewis.

24. But for Defendants' negligent advice and work product in connection with REIT I and REIT II's respective securities offerings, REIT I and REIT II would have filed proper Offering Circulars and would have offered additional securities only pursuant to new offering statements or post-qualification amendments. But for Defendants' negligent advice and work product, there would have been no alleged violation of SEC Rules or Regulation A by REIT I or REIT II.

25. As a result of Defendants' negligent advice and work product in connection with REIT I and REIT II's respective securities offerings, Plaintiffs have incurred and will continue to incur substantial damages from, among other potential liability, attorneys' fees and costs to defend

against the SEC's investigations and proceedings, likely SEC civil monetary penalties, potential civil monetary liability resulting from the Class Action Complaint, and attorneys' fees and costs to bring this action.

26. Pursuant to New Jersey Court Rule 4:5-2, the factual allegations of the preceding paragraphs are intended to be illustrative of Plaintiffs' claims and not exhaustive of all facts in support of these claims.

**COUNT ONE**

**ATTORNEY MALPRACTICE**

27. Plaintiffs repeat and reallege all of the allegations contained above as if fully set forth herein.

28. At all relevant times, Defendants held themselves out to the public as, and continue to hold themselves out to the public as, attorneys who handle substantial securities offering advise and representation.

29. Plaintiffs engaged Defendants to represent Plaintiffs specifically in connection with securities offerings in real estate debt funds such as REIT I and REIT II under SEC Regulation A. The engagement specifically included analysis, negotiations, research, investigation, correspondence, communication, preparation and drafting of legal documents, and related work for the securities offerings.

30. As Plaintiffs' attorneys, Defendants owed Plaintiffs a duty of care, requiring Defendants to exercise a certain level of skill and diligence in representing Plaintiffs' interests.

31. By the actions and omissions outlined herein, Defendants breached their duties to Plaintiffs by failing to exercise the ordinary and reasonable skill commonly exercised by attorneys

in representing their clients in connection with securities offerings and proximately caused Plaintiffs damages.

32. Without limitation, Defendants breached their duties to Plaintiffs by not proceeding with adequate care with respect to, among other things: (i) advising Plaintiffs on the clarity of REIT I and REIT II's respective Offering Circulars; (ii) failing to properly advise Plaintiffs to commence their offerings within two calendar days of qualification as required under Rule 251(d)(3)(i)(F); (iii) preparing and filing REIT I and REIT II's respective Offering Circulars such that they were clear and non-misleading under all of the circumstances; (iv) advising Plaintiffs on the proper methods of, and requirements connected with, increasing the volume of securities being offered; and (v) preparing and filing improper Offering Circular Supplements for REIT I and REIT II rather than filing a new offering statement or post-qualification amendment.

33. Defendants' actions and omissions constitute failures to exercise the appropriate level of skill, prudence and diligence commonly used by attorneys performing securities offering work.

34. But for Defendants' negligence, Plaintiffs would have timely filed proper and clear Offering Circulars, would have commenced their offerings within two calendar days of qualification and would have offered additional securities only pursuant to new offering statements or post-qualification amendments rather than Offering Circular Supplements.

35. As a proximate cause of Defendants' negligence as aforesaid, Plaintiffs have incurred substantial damages and will continue to incur substantial damages, in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages in an amount to be determined at trial, plus interest, attorneys' fees and costs of suit under

*Saffer v. Willoughby*, 143 N.J. 256 (1996), and any other or further relief for Plaintiffs that the Court finds just and equitable.

**COUNT TWO**

**BREACH OF CONTRACT**

36. Plaintiffs repeat and reallege all of the allegations contained above as if fully set forth herein.

37. Plaintiffs and Defendants had a binding Engagement Agreement whereby Defendants agreed to represent Plaintiffs in connection with securities offerings in real estate debt funds, including REIT I and REIT II, under SEC Regulation A. The engagement specifically included analysis, negotiations, research, investigation, correspondence, communication, preparation and drafting of legal documents, and related work for the securities offerings.

38. These provisions are material terms of the Engagement Agreement.

39. Defendants breached their Engagement Agreement with Plaintiffs by, among other things: (i) failing to properly advise Plaintiffs on the clarity of REIT I and REIT II's respective Offering Circulars; (ii) preparing and filing improper Offering Circulars for REIT I and REIT II; (iii) failing to properly advise Plaintiffs to commence their offerings within two calendar days of qualification as required under Rule 251(d)(3)(i)(F); (iv) failing to properly advise Plaintiffs on the proper methods of, and requirements connected with, increasing the volume of securities being offered; and (v) preparing and filing improper Offering Circular Supplements for REIT I and REIT II rather than filing a new offering statement or post-qualification amendment.

40. As a proximate result of Defendants' material breaches of the Engagement Agreement, Plaintiffs have incurred and will continue to incur substantial damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages in an amount to be determined at trial, plus interest, attorney's fees, costs of suit and any other or further relief for Plaintiffs that the Court finds just and equitable.

McANDREW VUOTTO, LLC
Attorneys for Plaintiffs

By: */s/Jonathan P. Vuotto*
Jonathan P. Vuotto

Dated: February 10, 2023

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in this action.

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is presently not the subject of any other pending actions in any court. The matter in controversy here is not the subject of pending arbitration proceedings and no other action or arbitration proceedings are presently contemplated. I further certify that there are no other parties of which we are currently aware that should be joined in the action.

By: */s/Jonathan P. Vuotto*
Jonathan P. Vuotto

Dated: February 10, 2023

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

By: */s/Jonathan P. Vuotto*
Dated: February 10, 2023 Jonathan P. Vuotto

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000290-23

**Case Caption:** DF GROWTH REIT, LLC VS FLASTER GREENBERG P. C.
**Case Initiation Date:** 02/10/2023
**Attorney Name:** JONATHAN P VUOTTO
**Firm Name:** MCANDREW VUOTTO, LLC
**Address:** 13 MT. KEMBLE AVE
MORRISTOWN NJ 07960
**Phone:** 9735386308
**Name of Party:** PETITIONER : DF Growth REIT, LLC
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PROFESSIONAL MALPRACTICE
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** YES
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: DF Growth REIT, LLC? NO**

**Are sexual abuse claims alleged by: DF Growth REIT II, LLC? NO**

**Are sexual abuse claims alleged by: DiversyFund, Inc.? NO**

**Are sexual abuse claims alleged by: Craig Cecilio? NO**

**Are sexual abuse claims alleged by: Alan Lewis? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain) Attorney-Client

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/10/2023
Dated

/s/ JONATHAN P VUOTTO
Signed