BUCHALTER
A Professional Corporation
Sanjay Bhandari (181920)
655 W. Broadway, Suite 1600
San Diego, California 92101
Telephone: 619.219.5335
E-mail: sbhandari@buchalter.com

Attorneys for Defendants DF GROWTH REIT, LLC; DF GROWTH REIT II, LLC; DIVERSYFUND, INC.; CRAIG CECILIO; and ALAN LEWIS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FERRY et al., <br><br> Plaintiffs, <br><br> v. <br><br> DF GROWTH REIT, LLC et al., <br><br> Defendants. | Case No. 3:22-cv-02001-AJB-VET <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> **Hearing** <br> Date: October 24, 2024 <br> Time: 2:00 p.m. <br> Location: 4A |

## I. INTRODUCTION

Plaintiffs' Opposition (ECF 33; "Opp.") misapprehends Defendants' Motion (ECF 30; "Mot.") and applicable law, and relies on conclusory claims instead of the specifics needed to rebut Defendants' facial and factual challenges. Defendants shall therefore only briefly respond, reviewing issues in the order they were raised in Defendants' Motion.

## II. PLAINTIFFS LACK STANDING

Plaintiffs do not correctly present the law on standing, including the cases they cite. Plaintiffs argue that Defendants "conflate monetary harm traceable to their conduct with facts that would be required to establish reliance or loss causation," Opp. at 14, but say nothing more on how standing is shown in a misrepresentation case. In fact, the very case Plaintiffs cite (multiple times, *see* Opp. at 14, 18 n. 13, citing *Am. Signature, Inc. v. Moody's Invs. Servs., Inc.*, Case No. 10-cv-5095 (PCB), 2023 WL 6661054 (S.D.N.Y. Oct. 12, 2023)), found standing based on exactly what Defendants say is missing here: allegations that plaintiffs ("conservative" investors) "relied explicitly upon Defendants' ratings schemes" to buy securities now "valueless" because the ratings were wrong. 2023 WL 6661054 at *2, 4. Both concrete injury and traceability were clear. In this case, neither is.

As to injury, Plaintiffs do not allege that their REIT investments are valueless; moreover, Mr. Smith's Declaration (ECF 30-2) established (with no rebuttal in the Opposition) that REIT II (the only REIT truly in issue) invested well and should do well. ECF 30-2 ¶ 4.[1] Plaintiffs Opposition did not defend their allegation (debunked by Mr. Smith, ECF 30-2 ¶ 5) that REIT II's 2022 net loss (operating expenses and a paper loss) constitutes traceable injury. Plaintiffs did defend their claim that

---

[1] The cases Plaintiffs cite for their tautological investor standing argument ("I would not have bought shares if I knew X, so my investment is my injury," Opp. at 18)— do not support them. Both cases involve concrete injury: buying now "valueless" shares based on bad ratings (*Am. Signature*, 2023 WL 6661054 at *2, 4), and paying for a green card never received (*Jakajima v. Munakata*, Case No. 20-0052, 2021 U.S. Dist. LEXIS 203915 at *11 (D. Hawaii Oct. 22, 2021). Plaintiffs bought valuable real estate investments that are projected to pay good returns.

Defendants' malpractice case against their former securities counsel proves injury to the REITs, but only by noting that the docket doesn't yet reflect the REITs' withdrawal as Plaintiffs, Opp. at 18, not by offering specific allegations or evidence to contradict Mr. Smith's testimony that only DiversyFund incurred the fees and other losses claimed in the malpractice case. Normal litigation delays in filing a dismissal (*see* Second Smith Decl. (filed herewith) ¶ 3) prove nothing, and do not carry Plaintiffs' burden to show that the REITs suffered injury.

Even fees, which could be a concrete injury, are so only if contrary to agreement. Mot. at 14-15, 17-18. But Plaintiffs cannot plausibly allege an expectation of no asset management fees given REIT II's disclosure of such fees; especially since they rely on that disclosure to claim that other fees (acquisition and developer fees) were higher than they expected. Mot. at 17-18.

Plaintiffs also failed to rebut Defendants' factual showing that acquisition and developer fees were within disclosed ranges. Their questioning of Mr. Smith's numbers about DF Summerlyn, Opp. at 16, is mere semantics. *See* Second Smith Decl. ¶ 4. The only other project Plaintiffs continue to press (all others should be deemed abandoned) is NCP Dove, for which they rely exclusively on a "$1,280,2126 [sic]" figure that they admit was a typo in REIT II's original annual report, Opp. at 15. Indeed, that $12.8m figure that is higher than NCP Dove raised even by April 2022 (SAC (ECF 25) ¶ 8), so it was impossible for it to have paid DiversyFund that sum in 2021. In other words, Plaintiffs' claim amounts to implausible speculation, based on a typo whose correction Plaintiffs complain of as "convenient," but do not impeach with evidence. Upon a factual attack on standing, however, such speculation is not enough: evidence is required. Given that Plaintiffs never plausibly alleged excessive acquisition and developer fees (*see* Mot. at 19-21, ECF 30-2 ¶ 6(b)), and Defendants have supplied unrebutted evidence that fees were within disclosed ranges, this theory must be struck.

Plaintiffs' retreat to their "failure to make detailed disclosures" claim, Opp. at

15, provides them no cover absent allegations (never made) of how that caused injury in fact. At most, lack of required disclosures would be a mere injury in law, which does not establish the concrete injury in fact needed for standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426-27 (2021) (violation of federal statutory right is insufficient to establish standing absent proof of injury in fact); ECF 23 (Order) at 6.

Standing must be shown for each plaintiff (not "in gross" by class), "for each claim that they press and for each form of relief that they seek." *TransUnion*, 594 U.S. at 431 (class members who can't show concrete harm lack standing). Plaintiffs did not allege traceable injury at all for three plaintiffs, and made only inadequate, contradictory allegations for the fourth plaintiff (Hamerling). Mot. at 14-15, 17-18. All claims must be dismissed for lack of standing.

### III. PLAINTIFFS' CLAIMS DO NOT SURVIVE SCRUTINY

Plaintiffs' Opposition fails to persuade that any of their theories survive scrutiny on plausibility or statute of limitations grounds.

*Interdependence Theory.* The plausibility portion of Plaintiff's brief does not defend this theory's plausibility. Opp. at 19-23. It could not be plausible in light of the timing and content of the November 2021 website statement complained of, and the express disclosures of interdependence in the December 2020 Offering Circular. Mot. at 23-24. This theory is thus conceded to be non-viable.

*Fees Theory—Asset Management Fees.* Defendant's Motion established that Plaintiffs cannot plausibly allege contradictory things (that they were ignorant of the fee disclosure's mention of asset management fees, but they relied on it for expectations about other fees), and that detailed fee disclosures sufficient to raise inquiry notice were public before any plaintiff invested. Mot. at 18, 22, 24-25. In response, Plaintiffs bluntly argue that a hypothetical plaintiff could rely on a generalized website statement. Opp. at 20. That is essentially nonresponsive. Nor are Plaintiffs correct to assert (Opp. at 2, 13) that the Court has already ruled on this: Defendants did not challenge this theory earlier (*see* Order (ECF 23) at 7), and

Plaintiffs supply no authority to suggest that Defendants and the Court cannot now assess its merits. The law is clear that they can. FRCP 54(b). Plaintiffs' arguments are thus unconvincing, and this theory should be rejected as non-viable.

*Fees Theory—Acquisition and Developer Fees*. Defendants' Motion demonstrated both that Plaintiffs implausibly interpreted fee disclosures (including through incorrect guesswork), Mot. at 18-21, and that the true facts were to the contrary, ECF 30-2 ¶ 6(c). The Motion also showed 1) that complaints about May 2019, June 2020, and September 2020 disclosures, as well as complaints of "no detailed disclosures," were time-barred, and 2) that the "detailed disclosures" theory relied on nonactionable puffery. Mot. at 22, 24. Plaintiffs respond by arguing that no notice could occur until "the true and complete facts" are disclosed, Opp. at 8; but this is the opposite of the law on inquiry notice. Mot. at 21. Plaintiffs also restate their allegations without addressing the incorrect assumptions and speculation noted in the Motion, Opp. at 21-23. This too fails to carry their burden.

*Management Background Theory*. Plaintiffs do not defend this theory anywhere in their Opposition: not as to standing, timeliness, or plausibility. Its non-viability is thus conceded.

*Minimum Capital Theory*. Plaintiffs again do not defend: not as to standing, timeliness, or plausibility. This theory should also be struck.

*Exemption Theory*. Plaintiffs have never explained how a technical error by Defendants' lawyer, not known to Defendants but still warned about as a risk, could possibly be an actionable misrepresentation or omission.[2] Their brief makes no attempt to defend this theory as plausible. *See* Opp. at 19-23. It should be struck.

## IV. SECONDARY LIABILITY

Plaintiffs do not address, and so concede, Defendants' argument that Mr.

---

[2] *See generally Schaffer v. Horizon Pharma PLC*, 16-CV-1763 (JMF), 2018 WL 481883, at *8 (S.D.N.Y. Jan. 18, 2018) (actionable misrepresentations about legal and regulatory compliance cannot be based on disclosed risks); *Altayyar v. Etsy, Inc.*, 242 F. Supp. 3d 161, 180 (E.D.N.Y. 2017) (prospectus warnings barred claims about disclosed risks), *aff'd*, 731 F. App'x 35 (2d Cir. 2018).

Cecilio, Mr. Lewis and DiversyFund must be dismissed because only the REITs are counterparties to the transactions sought to be rescinded. *Compare* Mot. at 30-31 with Opp. at 23-24.

Plaintiffs also supply no authority supporting their argument that their allegations about the secondary defendants' ability to control through supervisory positions suffice to allege responsibility. *Compare* Opp. at 24 with Mot. at 31; *see also Johnson v. Siemens AG*, No. 09 Civ. 5310 (JG) (RER), 2011 WL 1304267, at *15 (E.D.N.Y. Mar. 31, 2011) (supervisory defendants' involvement not properly alleged by pointing to high-level positions and general responsibilities).

## V. CONCLUSION

Plaintiffs cannot establish standing or a plausible, non-time barred basis for relief. Given Plaintiffs' failure to confront the issues, their abandonment of most of their theories, and their failure to supply allegations or authority giving reason to think a fourth complaint would be valid, leave to amend should be denied. *Lee v. Retail Store Employee Bldg. Corp.*, Case No. 15-CV-04768-LHK, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) (denying leave to amend; plaintiffs' "failure to even argue the issue in their opposition indicates a waiver of this claim"). Indeed, Plaintiffs do not even argue for leave to amend in their Opposition. The complaint should be dismissed with prejudice.

DATED: July 24, 2024

BUCHALTER
A Professional Corporation

By:  */s/ Sanjay Bhandari*
SANJAY BHANDARI
Attorneys for Defendants DF GROWTH REIT, LLC; DF GROWTH REIT II, LLC; DIVERSYFUND, INC.; CRAIG CECILIO; and ALAN LEWIS