BUCHALTER
A Professional Corporation
Sanjay Bhandari (CA 181920)
655 W. Broadway, Suite 1600
San Diego, California 92101
Telephone: 619.219.5335
E-mail: sbhandari@buchalter.com

Attorneys for Defendants DF GROWTH REIT, LLC; DF GROWTH REIT II, LLC; DIVERSYFUND, INC.; CRAIG CECILIO; and ALAN LEWIS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARK FERRY et al.,

Plaintiffs,

v.

DF GROWTH REIT, LLC et al.,

Defendants.

Case No. 3:22-cv-02001-AJB-VET

**SECOND DECLARATION OF KEVIN SMITH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

I, Kevin Smith, hereby declare as follows.

1. I have personal knowledge of the matters discussed herein and if called to testify thereto, I could and would do so competently.

2. I have reviewed Plaintiffs' Opposition (ECF 33; "Opp."), including in particular the arguments made (Opp. at 8-9, 14-18, 21-22) about the facts set forth in my first declaration (ECF 30-2). I respond as follows.

3. First, with regard to the Malpractice Complaint attached as Exhibit 6 to my first declaration, Plaintiffs state that the docket of that case reflects no effort to withdraw REIT I or REIT II as plaintiffs in favor of DiversyFund. Opp. at 18. I am not sure that is relevant given Plaintiffs' lack of any actual evidence to rebut my evidence that all of the claimed injuries were suffered by DiversyFund, not the REITs. But assuming the Court would prefer some explanation, I am aware that on June 5, 2024, our legal counsel asked opposing counsel to agree to a stipulation

effecting the dismissal of all plaintiffs other than DiversyFund. It appears that the parties intend to file a stipulated protective order in addition to this stipulation, so there has been a bit of a delay (perhaps also due to summer holidays), but there is no question that DiversyFund will effect this change in plaintiffs in the malpractice case.

4. Second, with regard to Plaintiffs' claim that I "tout[ed] figures that do not comport with basic arithmetic, asserting that REIT I allegedly paid only $207,105.73 in acquisition fees on a project known as DF Summerlyn, and that such sum equals '2.18% of REIT I's 38.33% share of the $9,480,772.94 total project cost for DF Summerlyn'", Opp. at 16, I reaffirm that the numbers in my first declaration are correct although the syntax may have been confusing:

a. The total project cost for DF Summerlyn was $9,480,772.94.
b. The total acquisition fee paid to the Sponsor with respect to DF Summerlyn was $540,088.
c. REIT I owns 38.33% of DF Summerlyn.
d. REIT I paid $207,105.73 in acquisition fees related to DF Summerlyn.
e. $207,105.73 = 2.18% of $9,480,772.94.
f. In summary, one could rephrase the sentence at paragraph 6(c)(iii)(2) in my first declaration as follows: *Actual Acquisition Fee on the 2019 $1.325M investment by REIT I:* $207,015.73, which was 2.18% representing REIT I's 38.33% share of the $9,480,772.94 total project cost for DF Summerlyn.

Executed under penalty of perjury on July 24, 2024 in Burlingame, California.

[signature]

Kevin Smith