UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV and RYAN KRAUSE, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS,<br><br>Defendants. | Case No.: 22-cv-02001-AJB-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>**(Doc. No. 47)** |

Before the Court is Defendants DF Growth REIT, LLC, DF Growth REIT II, LLC, DiversyFund, Inc., Craig Cecilio, and Alan Lewis's (collectively, "Defendants") motion to dismiss and motion to strike Plaintiffs Mark Ferry, Valerie Hamerling, Igor Korostelev, and Ryan Krause's (collectively, "Plaintiffs") Third Amended Complaint ("TAC"). (Doc. No. 47.) The motion is fully briefed. (Doc. Nos. 47, 50, 52.) For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss and motion to strike the TAC.

## I.  BACKGROUND[1]

This is a putative securities fraud class action brought by Plaintiffs against Defendants: DF Growth REIT, LLC ("REIT I"), DF Growth REIT II, LLC ("REIT II"), DiversyFund, Inc., Craig Cecilio ("Cecilio"), and Alan Lewis ("Lewis"). According to the TAC, REIT I and REIT II (collectively, "the REITs") are "blind pool" companies that invest the proceeds of their securities offerings in real estate projects. The REITs' offerings are permitted under "Regulation A," 17 C.F.R. § 230.251 *et seq.*, which allows companies to offer and sell securities to the public without having to register the offerings with the Securities and Exchange Commission ("SEC") so long as the issuer fully complies with the regulation's requirements. REIT I offered such securities from 2018 to November 2021. REIT II offered such securities from 2020 to early 2022.

On March 16, 2022, the SEC issued an order temporary suspending REIT II's exemption under Regulation A based on allegations that it "failed to comply with the terms, conditions and requirements of Regulation A" and that its "offering documents and the website it uses to solicit investors contain untrue statements of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading." (Doc. No. 41-1, TAC, Exh. 1 at 3.) On June 9, 2023, as consented to by REIT II, the SEC entered an order permanently suspending REIT II's Regulation A exemption. (Doc. No. 41-2, TAC, Exh. 2 at 2–5.)

Regarding the other defendants in this case, DiversyFund serves as the REITs' sponsor and owns 100% of the REITs' manager, DF Manager, LLC ("DF Manager").[2] Cecilio and Lewis founded and own DiversyFund; they also co-own DF Manager. Cecilio is the Chief Executive Officer of DiversyFund and DF Manager. Lewis is the Chief Investment Officer of REIT I, REIT II, DiversyFund, and DF Manager. Plaintiffs allege

---

[1] The following facts are taken from Plaintiffs' TAC, which the Court construes as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

[2] DF Manager is not a named defendant.

Cecilio and Lewis have complete de facto control of the REITs.

Like the prior complaints, the TAC alleges: (1) that the REITs violated Section 25401 of the California Corporations Code by making untrue statements of material facts in a communication to offer or sell securities in the state, and (2) that DiversyFund, Cecilio, and Lewis are each jointly and severally liable as control persons under Section 25504 of the same because they materially aided in the REITs' Section 25401 violations.

Relevant here, in the December 6, 2024 Order on Defendants' motion to dismiss the Second Amended Complaint, the Court dismissed with leave to amend Plaintiffs' Section 25401 claims concerning alleged misrepresentations regarding the interdependency between the REITs, the excessive acquisition and developer fees charged by the REITs, the background of management, and the REITs lack of a need to raise a minimum amount of capital. (Doc. No. 40 at 4.) The Court, however, sustained Plaintiffs' other Section 25401 claims concerning REIT II's alleged misrepresentation that it would not charge management fees, and the REITs' alleged misrepresentations that their offerings were within an exemption from registration under Regulation A. (*Id.*) The Court also sustained their Section 25504 cause of action alleging joint and several liability as it relates to the two remaining Section 25401 violations. (*Id.*)

With their TAC, Plaintiffs amended only their allegations with respect to the excessive acquisition fees charged.[3] As such, only the following claims remain in this case.

(1) REIT II investors are entitled to rescission due to the "no asset management fees" statement that appeared on DiversyFund's website;

(2) REIT I and REIT II investors are entitled to rescission because the REITs' securities were not in fact exempt under Regulation A; and

(3) REIT I and REIT II investors are entitled to rescission based on the excessive acquisition fees for the DF Summerlyn and NCP Dove projects.

---

[3] Plaintiffs' opposition brief states that as to the other dismissed claims, "Plaintiffs do not seek to revisit [them] via the TAC." (Doc. No. 50 at 8.)

The instant motion to dismiss and motion to strike the TAC follows. The Court discusses each in turn.

## II.   MOTION TO DISMISS

Defendants move under Federal Rules of Civil Procedure ("Rule") 12(b)(6) to dismiss Plaintiffs' Section 25401 claims concerning the REITs' representations about their shares being within the Regulation A exemption and their acquisition fees. They do not seek dismissal of the claim concerning REIT II's management fees.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To determine the sufficiency of the complaint, the court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Although a court must take all factual allegations in a complaint as true, it is not required to accept conclusory statements. *Iqbal*, 556 U.S. at 678.

Additionally relevant here, the Court has found that because Plaintiffs' Section 25401 claims sound in fraud, Rule 9(b)'s heightened pleading standard applies. (Doc. No. 40 at 21–23.) "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks, alterations, and citation omitted).

//
//

### B. Discussion

#### 1) Failure to Adhere to Regulation A

As Defendants recognize, the Court has already found that Plaintiffs satisfied "their burden under Rule 9(b) to allege a violation of Section 25401 with respect to Defendants' misrepresentation of Regulation A registration exemption." (Doc. No. 40 at 25.) Yet, Defendants challenge this claim again, asserting that it has broad leeway to do so simply because Plaintiffs have filed an amended complaint. The Court disagrees.

Although Plaintiffs filed a TAC, the allegations concerning the REITs' Regulation A exemption representations remain unchanged. Nothing about this claim's allegations or scope have been amended. Defendants could have sought reconsideration of the Court's earlier ruling. They chose not to, and the time to do so has passed. *See* Fed. R. Civ. P. 59; Local. Civ. R. 7.1.i. Additionally, Defendants cite no precedent dictating that the Court must reconsider its prior ruling under these circumstances.[4]

To the contrary, "courts are generally urged to adhere" to the law of the case doctrine. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). The doctrine "was designed to further the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided." *City of Los Angeles*, 254 F.3d at 888 (internal quotation marks and citation omitted).

There being nothing different about the allegations in the TAC with respect to Plaintiffs' Section 25401 claim concerning Regulation A representations, the Court exercises its discretion to apply the law of the case doctrine and rejects Defendants' attempt to relitigate the sufficiency of this claim. *See Jingles*, 702 F.3d at 499. Accordingly, the

---

[4] Defendants cite district court cases in support of their position, but those cases are not binding, and Defendants have not explained how the circumstances in those cases are analogous enough to those here such that the Court should afford them persuasive weight.

Court **DENIES** Defendants' motion to dismiss on this basis.

### 2) Acquisition Fees

Turning to Plaintiffs' Section 25401 claim regarding acquisition fees, the Court previously found that their allegations that Defendants received inflated acquisition fees for the NCP Dove and DF Summerlyn projects failed to satisfy Rule 9(b) pleading standards. The Court so found because Plaintiffs did not plead the actual or estimated total project costs for either NCP Dove or DF Summerlyn. (Doc. No. 40 at 24.) And without those estimates, the Court could not reasonably infer that the acquisition fees Defendants received exceeded what they represented to Plaintiffs. Plaintiffs attempt to cure these deficiencies with their TAC, which now includes, inter alia, alleged project costs for NCP Dove and DF Summerlyn. (Doc. No. 41 at ¶¶ 62, 103, 130.) Defendants argue that although Plaintiffs have pled each project's total cost, they still fail to plausibly allege that the corresponding acquisition fees were excessive. (Doc. No. 47-1 at 13.)

#### a) NCP Dove

Beginning with NCP Dove, Plaintiffs allege that based on REIT II's disclosures, the "acquisition fee charged by DiversyFund would not exceed 4% of the total project costs, if REIT II was the sole investor, or 4% of 'the Company's share of the total sale price of' (as it appears) NCP Dove, LLC was a joint venture." (Doc. No. 41 at ¶ 60.) According to the TAC, based on a declaration filed by Defendants in this case, the total project cost of NCP Dove was $46,370,000 and REIT II's ownership share is 31.07%. (*Id.* at ¶ 62.) The TAC further states that after this litigation began, REIT II filed an amended disclosure, "revising the reported acquisition fees for the NCP Dove project during yearly period ending on December 31, 2021 downward to $530,106, from the '$1,280,2126 [sic] in acquisition fees to the Sponsor' reported in the 1-K/A filing on May 3, 2022." (*Id.*)

Accepting as true the allegations in the TAC, the Court does not find that Plaintiffs have plausibly alleged that the acquisition fees from NCP Dove were excessive. Indeed, the TAC acknowledges that the updated acquisition fee of $530,106 "is below the

maximum 4% of REIT II's share of the project cost that REIT II represented would be charged." (*Id.*) Yet, Plaintiffs maintain that the fees were excessive by continuing to rely, without explanation, on the earlier, erroneously reported "$1,280,2126 [sic]" figure. (*Id.*)

Under California Corporations Code Section 25401,

> [i]t is unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a security in this state, by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

Cal. Corp. Code § 25401.

Instructive here, in *SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV1800912CJCPLAX, 2018 WL 6842958, at *5 (C.D. Cal. Nov. 14, 2018), the court dismissed the plaintiffs' Section 25401 claim, finding that their allegations were not sufficient to state a claim for fraudulent misrepresentation in the sale of securities. In so finding, the court rejected the plaintiffs' suggestion that the company's later valuation "is untrue merely because it differed from an earlier valuation." *Id.* (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1560 n.8 (9th Cir. 1994) (collecting cases, including one stating that "a plaintiff may not simply allege that the difference between a company's earlier statements of good health and later statements of failing health 'must be' attributable to fraud.")).

Like the plaintiffs in *SIC Metals,* Plaintiffs fail to allege that Defendants made a fraudulent representation with respect to the acquisition fees for NCP Dove. Plaintiffs' suggestion that the amended acquisition fees of $530,106 is a fraudulent misrepresentation simply because it differs from the earlier figure reported is not legally sufficient to state a claim under California Corporations Code Section 25041. They allege no facts indicating that the updated acquisition fee is untrue. Nor do they explain why it would be reasonable to continue to rely on the earlier erroneous figure. Without more, the Court cannot find that they have pled this claim with the requisite particularity.

Thus, because the allegations in the TAC show that the acquisition fees for NCP

Dove do not exceed the amount that REIT II represented would be charged, and Plaintiffs do not allege how or why the updated fees are untrue, the Court finds that Plaintiffs have failed to state their Section 25401 claim on the theory of excessive acquisition fees for NCP Dove. Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim.

### b) DF Summerlyn

With respect to DF Summerlyn, Plaintiffs allege that REIT I disclosed that DiversyFund is "entitled to receive up to 5.5% of the total project cost" and received $540,088 in acquisition fees for this project. (*Id.* at ¶ 102.) According to the TAC, the total project cost for DF Summerlyn was $9,480,772.94. (*Id.* at ¶ 103.) From these allegations, the Court can reasonably infer that the maximum acquisition fees for DF Summerlyn is $521,442.51. Because the reported $540,088 in acquisition fees is more than the $521,442.51 maximum amount, the Court finds that Plaintiffs have met their burden of stating their Section 25401 claim on the theory of excessive acquisition fees for DF Summerlyn with the requisite particularity.

The Court rejects Defendants' assertion that the 5.5% cap on acquisition fees was an "obvious misprint" simply because there is a statement later in that same document that "the Sponsor will charge the Company a developer fee of between 6% and 8% of the total project costs." (Doc. No. 47-1 at 14.) The claim and allegations at issue concern the cap on acquisition fees, not the cap on developer fees. Accordingly, the Court **DENIES** Defendants' motion to dismiss the claim with respect to DF Summerlyn.

* * *

In sum, the Court dismisses Plaintiffs' Section 25401 claim concerning the acquisition fees for NCP Dove, and sustains their Section 25401 claims concerning representations about the REITs' Regulation A exemption and acquisition fees for DF Summerlyn.

//
//

### III. MOTION TO STRIKE

Next, Defendants move under Rule 12(f) to strike the allegations in Plaintiffs' TAC that directly relate to the claims this Court previously dismissed, arguing that such allegations are immaterial and/or impertinent. (Doc. No. 47-1 at 16–18.)

#### A. Legal Standard

Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are generally "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "However, where the motion may have the effect of making the trial of the action less complicated or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). The decision to grant a motion to strike ultimately lies within the discretion of the district court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* at 1527 (citations omitted). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

#### B. Discussion

Defendants seek to strike from Plaintiffs' TAC the following paragraphs: ¶ 23; ¶¶ 30–34; ¶¶ 41–43, 46–49, 64–65, 68, 71, 74–77, 83–84, and 88; and ¶ 113. Upon review, some of these paragraphs do not, as Defendants argue, pertain to previously dismissed claims. Thus, the Court strikes paragraphs 23, 64–65, and 74–77 only with respect to the portions thereof concerning the previously dismissed claims regarding management fees

for REIT I and capital needs for REIT II, paragraph 30 concerning the previously dismissed claim about the SEC's first investigation, and paragraphs 41–43 concerning the previously dismissed 2017 Bureau of Real Estate claim.

The remaining paragraphs either contain information pertaining to live claims or are not clearly immaterial or impertinent. As such, the Court resolves any doubt concerning their import in favor of denying the motion to strike them. *See In re Wal–Mart Stores*, 505 F. Supp. 2d at 614. For example, paragraphs 46–49 pertain to the REITs' failure to provide the "detailed statements" they said they would provide to investors. Contrary to Defendants' argument, the Court does not find the REITs' representation that their investors would receive a detailed statement of fees and transactions amounts to irrelevant puffery. The disclosures list exactly what would be included in the statement—"fees paid to the Manager and its affiliates" and "transactions between the Company and the Manager or its affiliates." (Doc. No. 41-5 at ¶¶ 47–48.) They also state that the statements would be issued at least once a year. (*Id.*) The Court declines to strike these allegations as they are relevant in contextualizing Plaintiffs' remaining claims.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to strike the TAC.

//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss and motion to strike. (Doc. No. 47.) Accordingly, the Court enters the following orders:

- Plaintiffs' Section 25401 claim concerning the acquisition fees for NCP Dove is **DISMISSED**. As Plaintiffs have had a prior opportunity to amend this claim and did not indicate in its opposition that further facts could be alleged to maintain it, the Court dismisses the claim **WITHOUT LEAVE TO AMEND**. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

- Plaintiff's Section 25401 claims concerning representations about the REITs' Regulation A exemption and acquisition fees for DF Summerlyn are **SUSTAINED**.

- Paragraphs 23, 30, 41–43, 64–65, and 74–77 of the TAC are **STRICKEN** as set forth *supra* § III.B.

- Defendants must file their Answer to the remainder of the TAC <u>no later than June 27, 2025</u>.

**IT IS SO ORDERED**.

Dated: June 8, 2025

Hon. Anthony J. Battaglia
United States District Judge