BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN: 181920)
655 W Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619.219.5335
Fax: 213.896.0400
Email: sbhandari@buchalter.com

Attorneys for Defendants
DF GROWTH REIT, LLC; DF GROWTH REIT II, LLC;
DIVERSYFUND, INC.; CRAIG CECILIO; ALAN LEWIS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK FERRY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS,<br><br>Defendants. | Case No. 3:22-cv-2001-AJB-VET<br><br>**JOINT MOTION TO GRANT WITHDRAWAL OF DEFENSE COUNSEL AND RESET DATES** |

Having conferred with Plaintiffs' counsel, who do not oppose this motion, Defense counsel respectfully requests that the Court grant this motion for withdrawal, and reset dates as jointly recommended below.

Defense counsel reluctantly seeks withdrawal due to Defendants' nonpayment of fees for well over a year, desipte many extensions and repayment plans. Nonpayment of fees after reasonable notice and opportunity for cure is a well-accepted basis for withdrawal.[1] All procedural requirements for withdrawal have

[1] "Failure to pay attorney's fees can be a valid ground for withdrawal." *Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010). The California Rules of Professional Conduct permit withdrawal if the client breaches a material term of an engagement agreement, and the lawyer gave the client reasonable warning after the breach that he or she will withdraw unless the client cures the breach. Cal. Rule of Pro. Conduct R. 1.16(b)(5) (Cal.

been met: the concurrently filed declaration of Sanjay Bhandari (Bhandari Decl.) attests to the substantive and procedural predicates of withdrawal, including service of these motion papers on all defendants and plaintiff's counsel.[2]

Magistrate Judge Leshner recently reviewed similar circumstances in his November 2023 Order granting withdrawal in *Twins Special Co. Ltd. v. Twins Special, LLC*, Case No. 23-cv-223 (S.D. Cal.) (attached as Exhibit 1 to the concurrently filed Declaration of Sanjay Bhandari). As in this case, defense counsel represented both individual and entity defendants. The case was in the midst of discovery, with the fact discovery cutoff about three months away. Finding all procedural requirements met and that the failure to pay fees justified withdrawal, Judge Leshner granted withdrawal, setting a deadline for entity defendants to either obtain counsel or face default (because entities cannot appear *pro se*). Individual defendants were given the same deadline to provide their contact information to proceed *pro se* if they did not have counsel by that date. No significant prejudice was presented in light of the continuances already granted in light of the pending motion to withdraw. *See* Ex. 1 (Order) at 3-5.

The procedural posture in this case poses fewer concerns than in *Twins*. A motion to dismiss was denied on June 9, 2025 [ECF 54], and an answer was filed on June 27 [ECF 55]. A case schedule has not been set beyond the Early Neutral Evaluation (ENE)/Case Management Conference (CMC) set for August 4, 2025 [ECF 56]. On July 14, 2025, all counsel held a Rule 26(f) discovery and scheduling conference, during which defense counsel offered to stay on the case through the

State Bar 2020).

[2] Under the Local Rules, a motion to withdraw must be served on the adverse party and moving attorney's client and include a declaration regarding service of the motion on those parties. S.D. Cal. Civ.L.R. 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ.L.R. 83.3(f)(3)(b). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

August 4 CMC. The parties discussed all matters required to be discussed, including discovery and case scheduling. However, plaintiffs' counsel expressed the reasonable preference to not have the Court or the parties expend resources on setting a schedule that new counsel might well ask to change, or that circumstances may render irrelevant (e.g., if the entity defendants, who are the primary defendants, are unrepresented and therefore subject to default). Instead, the parties now jointly request that the Court push scheduling until after allow defense counsel to withdraw, set deadlines for the appearance of entity defendants' counsel, and set a status hearing before the Magistrate Judge to set further dates thereafter. *See, e.g.*, *Osgood v. Main Streat Mktg.,LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *2 (S.D. Cal. Mar. 27, 2017) (granting counsel's motion to withdraw from representing a business entity defendant, ordering entity to obtain new counsel within thirty days, and warning of the risk of default should it fail to retain new counsel).

For the foregoing reasons and based on Plaintiffs' non-opposition, the parties jointly recommend that the Court rule as follows:

1 . Grant defense counsel's motion to withdraw, ordering defense counsel to file a notice within three (5) business days that it sent each defendant of a copy of the Order granting withdrawal, including the timeframes allowed by the Court for a) an appearance by new counsel for the entity defendants, and b) filing of identifying information by any individual defendants intending to proceed *pro se* (said statements to include mailing addresses, telephone numbers and email addresses), per Civil Local Rule 83.11(b).

2 . Vacate the August 4, 2025 ENE/CMC[3], instead giving defendants 45-60 days to have new counsel appear, setting a status hearing before

[3] If the Court disagrees with the parties' recommendation that dates be set by new counsel, and wishes to have current defense counsel withdraw only after the ENE/CMC, the parties jointly request that the August 4 date be continued to August 18 or after (except August 21) because lead defense counsel will be out of the country August 4 through 15.

Magistrate Judge Torres for a reasonable time thereafter, and delegating the resetting of the ENE and/or CMC to Magistrate Judge Torres.

Defense counsel has discussed the above with Plaintiffs' counsel, and certifies that Plaintiffs' counsel have no opposition to these recommendations.

Respectfully submitted,

DATED: July 18, 2025

BUCHALTER
A Professional Corporation

By: */s/Sanjay Bhandari*
SANJAY BHANDARI

Attorneys for Defendants
DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS

DATED: July 18, 2025

LAW OFFICES OF
JOSHUA B. KONS, LLC

By: */s/Joshua B. Kons*
JOSHUA B. KONS

Attorneys for Plaintiffs
MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV, and RYAN KRAUSE, for themselves and all others similarly situated

**CERTIFICATION**

Pursuant to S.D. Cal. Local Rule 5-4.3.4(a)(2)(i), the filer attests that all of the signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/Sanjay Bhandari*