BUCHALTER
A Professional Corporation
SANJAY BHANDARI (SBN: 181920)
655 W Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619.219.5335
Fax: 213.896.0400
Email: sbhandari@buchalter.com

Attorneys for Defendants
DF GROWTH REIT, LLC; DF GROWTH REIT II, LLC;
DIVERSYFUND, INC.; CRAIG CECILIO; ALAN LEWIS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARK FERRY, et al.,

Plaintiffs,

vs.

DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS,

Defendants.

Case No. 3:22-cv-2001-AJB-VET

**DECLARATION OF SANJAY BHANDARI IN SUPPORT OF MOTION TO WITHDRAW AND RESET DATES**

I, Sanjay Bhandari, declare as follows:

1. I am an attorney with Buchalter, A Professional Corporation (the "Firm"), which is counsel for each Defendant in this case. I am lead counsel for Defendants. The facts set forth in this declaration are based upon my personal knowledge except as otherwise noted below, and if called upon to do so, I could and would testify competently thereto.

2. The parties held a Rule 26(f) scheduling conference on July 14, 2025. The parties discussed all matters required by Rule 26(f) and the Court's orders, including discovery and a case schedule. During the discussion, as a courtesy and pursuant to the local rules, I gave notice that the Firm planned to file a motion to withdraw as counsel, but planned to remain as counsel through the Early Neutral Evaluation (ENE) and Case Management Conference (CMC) (currently set for August 4)[1] to avoid disruption. Plaintiffs' counsel expressed the belief that disruption would be lessened if the Firm instead withdrew now, with dates pushed forward to allow Defendants to obtain new counsel. All parties agreed that another ENE was not likely to be fruitful at this stage (the parties already held one with Judge Torres), and that a joint motion would be filed asking that the CMC be pushed forward to allow new counsel to address the schedule.

3. Based on discussions with my firm's accounting team and invoices available to me, Defendants have unpaid invoices dating back to June 2024 on services rendered by this Firm. Defendants have had substantial unpaid invoices at my firm for well over one year, often with balances above $100,000. According to an account statement my firm's accounting team provided me on July 8, 2025, the total amount currently due is $88,951.51. Under the Firm's engagement agreement with Defendants, invoices are due and payable immediately upon presentment.

[1] If the Court does not agree with the parties that withdrawal should occur before the CMC, the parties stipulate to continuance of the CMC to August 18 or later to allow me (lead counsel for Defendants) to return from Europe, where I will be on August 4. The August 4 ENE/CMC is scheduled to start at 11 p.m. European time.

Defendants' failure to pay so much for so long is a serious, material breach of Defendants' agreement with the Firm.

4. I have tried to avoid inconvenience to the Court or the parties by giving Defendants room to cure this breach over time, including by providing multiple payment plans. Defendants failed to adhere to any of these payment plans, including by failing to timely pay agreed amounts in March 2024, April 2024, June 2024, September 2024, October 2024, February 2025, April 2025, June 2025, and July 2025. I have previously warned Defendants that the Firm would seek to withdraw as counsel, requiring Defendants to obtain new counsel, if Defendants did not meet their payment obligations, including warnings in writing on September 24, 2024, October 4, 2024, April 11, 2025, April 14, 2025, April 21, 2025, June 11, 2025, July 3, 2025, July 7, 2025, and July 10, 2025. I have notified all Defendants in writing that entity defendants can only appear in court through counsel.

5. Under the Firm's agreements with Defendants, including the curative plans the Firm offered to Defendants to allow catch-up payments on overdue fees, Defendants agreed to stipulate to the Firm's withdrawal as counsel if Defendants failed to adhere to the terms of the engagement agreement and/or the curative payment plans. Specifically, the Firm and Defendants entered into a written October 30, 2024 remedial plan pursuant to which Defendants stipulated to the Firm's withdrawal if they did not cure any breach within two business days after notice. The Firm now invokes that stipulation.

6. Before filing this declaration with this Court, I sent a copy of the declaration and moving papers to Defendants and to Plaintiff's counsel. Plaintiff's counsel does not oppose withdrawal or the withdrawal terms suggested in the moving papers. I agree to facilitate withdrawal, including by certifying notice to defendants of any information that the Court wishes conveyed.

7. Attached as Exhibit 1 is a true and correct copy of Magistrate Judge Leshner's November 2023 Order granting withdrawal of counsel in *Twins Special Co. Ltd. v. Twins Special, LLC*, Case No. 23-cv-223 (S.D. Cal.).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Germany on July 18, 2025.

/s/ *Sanjay Bhandari*
Sanjay Bhandari