# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TWINS SPECIAL CO., LTD., a private limited company organized under the laws of Thailand,

Plaintiff,

v.

TWINS SPECIAL, LLC, NICHOLAS MECHLING, an individual, CHRISTOPHER MECHLING, an individual, TWINS SPECIAL, an unincorporated general partnership, and DOES 1-10, inclusive,

Defendants.

Case No.: 23-cv-223-JO-DDL
Related Case No.: 21-cv-221-JO-DDL

**ORDER GRANTING DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL**

**[Dkt. No. 108]**

**I.**

**<u>BACKGROUND</u>**

On September 22, 2023, counsel for Defendants at the law firm Witham Mahoney & Abbott, LLP ("WMA") filed a Motion to Withdraw as Attorney of Record ("Motion to Withdraw"). Dkt. No. 108. On October 12, 2023, the Court held a hearing to address Defendants' counsel's Motion to Withdraw. The Court continued the hearing to October 31, 2023, to allow Defendants to search for new counsel. During the October 31 hearing,

Defendants reported that despite diligent efforts, they had not retained new counsel. Having considered the Motion to Withdraw and the parties' statements at the hearing, the Court **GRANTS** the Motion to Withdraw.

**II.**

**<u>LEGAL STANDARD</u>**

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under this District's Civil Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id*. at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Additionally, the California Rules of Professional Conduct permit a lawyer to withdraw from representing a client if the client

breaches a material term of an agreement with the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that he or she will withdraw unless the client complies with the agreement. Cal. Rule of Pro. Conduct R. 1.16(b)(5) (Cal. State Bar 2020).

Under this District's Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

**III.**

**DISCUSSION**

As a preliminary matter, the Court notes that WMA has met the requirements of Civil Local Rule 83.3(f) by providing a declaration and proof of service indicating that it served Defendants with the Motion to Withdraw via email on September 22, 2023. Dkt. Nos. 108-2 and 108-3. The Court turns next to the merits of the Motion to Withdraw.

**A. Valid Cause for Withdrawal**

WMA asserts that withdrawal is warranted under California Rule of Professional Conduct 1.16(b)(5) because "Defendants have been unable to fulfill their obligations under the Engagement Agreement as WMA has not received compensation for the legal services provided to Defendants for a duration exceeding eight months," and "[t]he outstanding balance for this matter has considerably aged due to non-payment, and constitutes a breach of the agreement between Defendants and WMA pertaining to fees and expenses." Dkt. No. 108-1 at 3. The declaration of WMA attorney Matthew M. Mahoney states that "[n]early four months ago, at the end of May 2023, I advised Defendants that WMA would seek to withdraw if they did not fulfill their payment obligations." Dkt. No. 108-2 at ¶ 3. As of the filing date of the Motion to Withdraw, "Defendants ha[d] not remitted payment, nor ha[d] they set forth a realistic plan to do so." *Id.*

/ / /

Additionally, WMA contends that neither party in the action will be prejudiced if the Motion to Withdraw is granted. Specifically, WMA asserts Plaintiff will not be prejudiced by WMA's withdrawal because "there is no trial date currently set, fact discovery is ongoing, and the pretrial conference is set to take place in June 2024." Dkt. No. 108-1 at 4. WMA states that Defendants will also not be prejudiced because WMA gave Defendants notice of their potential withdrawal nearly four months prior to filing the Motion to Withdraw, and because WMA gave Defendants time to find new counsel. *Id*. Moreover, WMA contends that its withdrawal will not harm the administration of justice or delay resolution of the case given that no trial date has been set, the parties remained engaged in the discovery process, and the final pretrial conference was set in June 2024. *Id*. at 4. These circumstances, WMA asserts, leave sufficient time "for Defendants to obtain new counsel without any delay to the proceedings in this case." *Id*.

Under the circumstances set forth by WMA in the Motion to Withdraw, the Court finds that withdrawal by WMA is appropriate. Defendants' failure to pay fees owed to WMA for legal services rendered is a breach of a material term of the Engagement Agreement. Under California Rule of Professional Conduct 1.16(b)(5), such a breach represents a ground upon which to grant WMA's Motion to Withdraw. *See Leatt Corp.*, 2010 WL 444708, at *2. Additionally, the Court finds that prejudice to Plaintiff or Defendants is mitigated by the Court's issuance of an Amended Scheduling Order on October 18, 2023. Dkt. No. 120. Under the Amended Scheduling Order, the fact discovery cutoff is January 31, 2024; the expert discovery cutoff is April 23, 2024; the deadline to file pretrial motions is May 28, 2024; and the pretrial conference is set for September 25, 2024. Given that WMA initially gave notice to Defendants of potential withdrawal in May 2023—more than five months prior to the date of this Order—Defendants have had sufficient notice of WMA's withdrawal and ample time to search for new counsel.

**B. <u>Business Entities Must Retain New Counsel or Risk Default Proceedings</u>**

Under this District's Civil Local Rule 83.3(j), Defendants Twins Special LLC and Twins Special, an unincorporated general partnership ("Twins Special"), may only appear

in court through an attorney. The Court recognizes that granting the Motion to Withdraw will leave Twins Special LLC and Twins Special without counsel. However, Rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings. *See, e.g.*, *Osgood*, 2017 WL 7362740, at *2 (granting counsel's motion to withdraw from representing a business entity defendant; ordering the defendant to obtain new counsel within thirty days and requiring counsel to file a notice of appearance within that timeframe; and warning the defendant of the risk of default judgment upon its failure to retain new counsel); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).

## IV.
## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. WMA's Motion to Withdraw as counsel for Defendants is **GRANTED**.
2. By not later than **November 10, 2023**, WMA shall (a) serve a copy of this Order on Defendants and file proof of service with the Court; (b) inform Defendants of the contents of this Order by phone, text message, and email; and (c) and submit a declaration of having done so.
3. By not later than **November 20, 2023**, Defendants Twins Special LLC and Twins Special, an unincorporated general partnership, must retain counsel and have counsel file a notice of appearance or be subject to default proceedings filed by Plaintiff pursuant to Federal Rule of Civil Procedure 55.
4. Defendants Nicholas Mechling and Christopher Mechling may proceed pro se (without counsel). By not later than **November 20, 2023**, Defendants must provide their contact information (mailing addresses, telephone numbers, and email addresses) to the Court pursuant to Civil Local Rule 83.11(b).

/ / /

5. All dates and deadlines set forth in the Amended Scheduling Order at Dkt. No. 120 remain unchanged and in effect.

**IT IS SO ORDERED.**

Dated: November 7, 2023

Hon. David D. Leshner
United States Magistrate Judge