UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV and RYAN KRAUSE, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS,<br><br>Defendants. | Case No.: 22-cv-02001-AJB-VET<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>**(Doc. No. 57)** |

 Before the Court is a motion to withdraw as counsel filed by defense counsel, Buchalter, A Professional Corporation ("the Firm"), which represents all the entity and individual defendants in this case: DF Growth REIT, LLC, DF Growth REIT II, LLC, DiversyFund, Inc., Craig Cecilio, and Alan Lewis (collectively, "Defendants"). (Doc. No. 57.) The Court set a deadline for any opposition to be filed by August 4, 2025, and ordered counsel to serve a copy of the briefing schedule to each defendant. (Doc. No. 58.) Counsel filed proof of such service, and no opposition was filed. (Doc. Nos. 58, 62.)

## I. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court*.*" *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). The motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 16-cv-1602 ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). In determining whether good cause is shown, courts have considered: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case*.*" *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citation omitted).

Additionally, under the Local Rules, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L. Rule 83.3(f)(3)(a). And a declaration "pertaining to such service must be filed." *Id.* at f.3.b. Also relevant here, "[i]t is a longstanding rule" that corporations may not appear in court pro se. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *see* Civ. L. Rule 83.3(j) ("[C]orporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice[.]").

## II. DISCUSSION

Upon consideration of the Firm's motion, the Court finds good cause to grant its motion to withdraw as counsel of record for Defendants. The Firm explains, via attorney declaration, that Defendants have had substantial unpaid invoices with the Firm for over a year, often with balances above $100,000. (Doc. No. 57-1 at 2.) Currently, the outstanding balance is $88,951.51. (*Id.*) "Under the Firm's engagement agreement with Defendants, invoices are due and payable immediately upon presentment." (*Id.*) Because Defendants

have failed to pay so much for so long, the Firm contends they are in serious, material breach of their agreement. (*Id.* at 2–3.)

The Firm further explains that it has provided Defendants multiple opportunities to cure the breach by offering payment plans, but Defendants have failed to adhere to them. (*Id.* at 3.) Additionally, the Firm and Defendants entered into a written remedial plan on October 30, 2024, under which "Defendants stipulated to the Firm's withdrawal if they did not cure any breach within two business days after notice." (*Id.*) The Firm seeks to invoke that stipulation now. (*Id.*)

Considering the Firm and Defendants' engagement agreement and remedial plan, and Defendants' failure to pay their invoices despite being provided payment plans, the Court finds good cause to grant the Firm's motion to withdraw. *See Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-cv-1301-IEG POR, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010) ("Failure to pay attorney's fees can be a valid ground for withdrawal."); *accord Twins Special Co. v. Twins Special, LLC*, No. 21-cv-221-JO-DDL, 2023 WL 7350436, at *2 (S.D. Cal. Nov. 7, 2023).

The Court also finds that the Firm's withdrawal will not prejudice Defendants. The Firm provided Defendants ample notice of its intention to move to withdraw as counsel. Prior to filing the motion, the Firm informed Defendants that it would be filing a motion to withdraw, that they would need to retain new counsel, and that entity defendants can only appear in court through counsel. (Doc. No. 57-1 at 3.) In accordance with the Local Rules, the Firm has also served Defendants with notice of the instant motion to withdraw and filed a supporting declaration. (Doc. Nos. 57 at 1–2; 57-1 at 3–4.) Defendants filed no opposition to the Firm's motion.

Moreover, because an Early Neutral Evaluation and Case Management Conference has yet to occur and discovery has yet to commence, the Court does not find that the Firm's withdrawal will harm the administration of justice or unnecessarily delay the resolution of this case. *See Gurvey v. Legend Films, Inc.*, No. 09-cv-942-IEG (BGS), 2010 WL 2756944,

at *1 (S.D. Cal. July 12, 2010) (finding no harm or delay to the administration of justice where the "case is still in its infancy and there are no immediately scheduled hearings"). Thus, for the foregoing reasons, the Court finds good cause to grant the Firm's motion to withdraw as counsel for Defendants. *See Beard*, 2008 WL 410694, at *2.

### III.   CONCLUSION

For the reasons stated herein, the Firm's motion to withdraw as counsel is **GRANTED**. (Doc. No. 57.) Accordingly, the Court enters the following Orders:

- The Firm is **ORDERED** to serve a copy of this Order on each defendant, and file proof of such service, no later than August 8, 2025,

- Each entity defendant—DF Growth REIT, LLC, DF Growth REIT II, LLC, and DiversyFund, Inc.—is **ORDERED** to secure new counsel and have new counsel file a notice of appearance no later than September 8, 2025. **Failure to do so will result in the Court striking the entity defendant's Answer and an entry of default against it.**

- Each individual defendant—Craig Cecilio and Alan Lewis—is **ORDERED** to either have new counsel file a notice of appearance, or if intending to proceed pro se, file a notice apprising the Court of their contact information, including their current mailing addresses, telephone numbers, and email addresses no later than September 8, 2025. *See* Civ. L. Rule 83.11(b). **Failure to do so will result in the Court striking the defendant's Answer and an entry of default against them**.

**IT IS SO ORDERED**.

Dated:  August 6, 2025

Hon. Anthony J. Battaglia
United States District Judge