UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FERRY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DF GROWTH REIT, LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-02001-AJB-VET<br><br>**ORDER** |

On August 6, 2025, this Court granted the Buchalter firm's motion to withdraw as counsel for Defendants DF Growth REIT, LLC; DF Growth REIT II, LLC; and DiversyFund, Inc. (the "Entity Defendants") and for Defendants Craig Cecilio and Alan Lewis (the "Individual Defendants"). (Doc. No. 68.)

The Court ordered the Entity Defendants "to secure new counsel and have new counsel file a notice of appearance no later than September 8, 2025." (*Id.* at 4.) The Court warned the Entity Defendants that "[f]ailure to do so will result in the Court striking [their] Answer [(Doc. No. 55)] and an entry of default judgment against [them]." (*Id.*)

The Court also ordered the Individual Defendants "to either have new counsel file a notice of appearance, or if intending to proceed pro se, file a notice apprising the Court of their contact information, including their current mailing addresses, telephone numbers,

| | |
|---|---|
| 1 | and email addresses no later than September 8, 2025." (*Id.*) The Court warned the |
| 2 | Individual Defendants that "[f]ailure to do [either] will result in the Court striking [their] |
| 3 | Answer [(Doc. No. 55)] and an entry of default against them." (*Id.*) |
| 4 |     By November 10, 2025, no new counsel filed an entry of appearance on behalf of |
| 5 | any of the Entity or Individual Defendants. Nor had Individual Defendants filed notices |
| 6 | apprising the Court of their contact information so that they may proceed *pro se*. |
| 7 |     On that date, the Court issued an order striking the Entity and Individual Defendants' |
| 8 | Answer. (Doc. No. 72.) The Clerk of Court entered default against the Entity and Individual |
| 9 | Defendants. (Doc. No. 73.) |
| 10 |     Two days later, the Individual Defendants filed notices of appearance with the Court. |
| 11 | (Doc. Nos. 74; 75.) Each Individual Defendant stated in their notice, "I recognize that I |
| 12 | failed to file this notice before the deadline set by the court and respectfully request that |
| 13 | the court accept this notice and allow me to proceed." (Doc. Nos. 74; 75.) |
| 14 |     The Court recognizes that, generally, "cases should be decided upon their merits |
| 15 | whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 |
| 16 | (9th Cir. 2009). Furthermore, the "rules for determining when a default should be set aside |
| 17 | are solicitous towards movants, especially those whose actions leading to the default were |
| 18 | taken without the benefit of legal representation." *United States v. Signed Personal Check* |
| 19 | *No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). "A document filed *pro* |
| 20 | *se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) |
| 21 |     The Court therefore construes the Individual Defendants' notices as requests to set |
| 22 | aside the entry of default against them pursuant to Rule 55(c) of the Federal Rules of Civil |
| 23 | Procedure. *See id.* The Court finds good cause exists to set aside the entry of default. |
| 24 |     In turn, the Court also accepts the Individual Defendants' tardy notices and will |
| 25 | allow them to proceed, beginning by filing new answers to the Third Amended Complaint. |
| 26 | The Court cautions, however, that "*pro se* litigants are not excused from following court |
| 27 | rules," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997), and that they |
| 28 | "must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 |

F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925–28 (9th Cir. 2012). Any further failure to comply with the Court's deadlines will lead to a final entry of default. *See* Fed. R. Civ. P. 55(a). The Court may also impose other sanctions for failure to adhere to the rules of court. *See, e.g.*, Fed. R. Civ. P. 11(c), 37(b); *see also* Local Civ. R. 16.1.b.

The Individual Defendants may wish to familiarize themselves with the Court's resources for *pro se* litigants. *See* Representing Yourself in Federal Court (*Pro Se*), United States District Court Southern District of California, https://perma.cc/4GZZ-MJT3.

Accordingly, the Court **FINDS** that good cause exists to set aside the entry of default against the Individual Defendants and **SETS ASIDE** the entry of default against Individual Defendants. The Court further **ORDERS** the Individual Defendants to file new answers to the Third Amended Complaint by **DECEMBER 5, 2025**.

**IT IS SO ORDERED.**

Dated: November 14, 2025

Hon. Anthony J. Battaglia
United States District Judge