1   Alan Lewis
750 B Street, Suite 1930
2   San Diego, California 92101
Telephone:  619.800.5360
3   E-mail: alan@diversyfund.com

4   Craig Cecilio
750 B Street, Suite 1930
5   San Diego, California 92101
Telephone:  858.245.8189
6   E-mail: craig@diversyfund.com

7

8   Pro Se Defendant ALAN LEWIS

9   Pro Se Defendant CRAIG CECILIO

FILED

DEC 0 5 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                DEPUTY

10

11

12

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

13

14   MARK FERRY et al.,

15         Plaintiffs,

16         v.

17   DF GROWTH REIT, LLC et al.,

18         Defendants.

Case No. 3:22-cv-02001-AJB-DDL

**DEFENDANTS' ANSWER TO
THIRD AMENDED COMPLAINT**

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 8, Defendants answer Plaintiffs' Third Amended Complaint as follows:

**RESPONSE TO PARAGRAPH NO. 1:**

The assertion that this Court has jurisdiction under CAFA is legal conclusion that does not require a response. To the extent that a response is required, Defendants deny the allegation.

**RESPONSE TO PARAGRAPH NO. 2:**

Defendants admit that Plaintiffs allege claims in excess of $5,000,000.00 in the aggregate. Defendants deny that Plaintiffs have suffered damages in this or any other amount.

**RESPONSE TO PARAGRAPH NO. 3:**

Defendants lack sufficient knowledge and/or information to form a belief about the truth of the allegations regarding which states Plaintiffs are citizens of, and on that basis they deny the allegations. The assertion that diversity of citizenship exists under CAFA is a legal conclusion that does not require a response. To the extent that a response is required, Defendants deny the allegation.

**RESPONSE TO PARAGRAPH NO. 4:**

Defendants lack sufficient knowledge and/or information to form a belief about the truth of the allegations that two-thirds of all members of the proposed class are citizens of a state other than California, or that the total number of members of the proposed Class is greater than 100, and on that basis they deny the allegations.

**RESPONSE TO PARAGRAPH NO. 5:**

Defendants admit that Defendants conduct business in this District.

**RESPONSE TO PARAGRAPH NO. 6:**

Defendants lack sufficient knowledge and/or information to form a belief about the truth of the allegations regarding Plaintiffs' purported investments are true, and on that basis they deny them.

**ANSWER TO THIRD AMENDED COMPLAINT**

**RESPONSE TO PARAGRAPH NO. 7:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves. To the extent that the allegations are inconsistent with such records, the allegations are denied. Defendants specifically deny that REIT I is "completely reliant on DiversyFund for its day-to-day operations."

**RESPONSE TO PARAGRAPH NO. 8:**

The relevant information is in the public record, and such records speak for themselves. To the extent that the allegations are inconsistent with such records, the allegations are denied. Defendants specifically deny that REIT II is "completely reliant on DiversyFund for its day-to-day operations."

**RESPONSE TO PARAGRAPH NO. 9:**

The relevant information is in the public record, and such records speak for themselves. To the extent that the allegations are inconsistent with such records, the allegations are denied. Defendants specifically deny that DFI is "completely reliant on DiversyFund for its day-to-day operations."

**RESPONSE TO PARAGRAPH NO. 10:**

Defendants admit that DiversyFund is a Delaware corporation formed in 2016, and that DiversyFund's principal executive offices are located at 750 B Street Suite 1930, San Diego, California. Defendants admit that DiversyFund serves as the sponsor of REIT I and REIT II and that it owns 100% of DF Manager.

**RESPONSE TO PARAGRAPH NO. 11:**

Defendants admit that Mr. Cecilio is the co-founder and Chief Executive Officer of DiversyFund; DF Manager, however, does not have a chief executive officer. Defendants deny that Mr. Cecilio and Mr. Lewis co-own DF Manager. Defendants deny that Mr. Cecilio and/or Mr. Lewis have "complete de facto control of REIT I and REIT II" or "provided material aid to DiversyFund, DF Manager, REIT I, and REIT II."

/ / /

**RESPONSE TO PARAGRAPH NO. 12:**

Defendants admit that Mr. Lewis is the co-founder and Chief Investment Officer of DiversyFund. Defendants deny that Mr. Lewis is the Chief Investment officer for REIT I or REIT II. Defendants deny that Mr. Lewis and Mr. Cecilio co-own DF Manager. Defendants deny that Mr. Cecilio and/or Mr. Lewis have "complete de facto control of REIT I and REIT II" or "provided material aid to DiversyFund, DF Manager, REIT I, and REIT II."

**RESPONSE TO PARAGRAPH NO. 13:**

Defendants respond 17 C.F.R. §230.251 *et seq.* speaks for itself. To the extent that the allegations mischaracterize the text and history of this regulation, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 14:**

Defendants admit that DiversyFundhas sponsored and offered to the public some securities under Regulation A and others under Regulation D.

**RESPONSE TO PARAGRAPH NO. 15:**

Defendants admit that Mr. Cecilio and Mr. Lewis incorporated DiversyFund, Inc. in 2016. The other allegations in this Paragraph consist of opinions, conclusions, and characterizations that do not require a response, as well as references to documents that are not adequately identified. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 16:**

Defendants admit the allegations in Paragraph 16.

**RESPONSE TO PARAGRAPH NO. 17:**

Defendants respond that the allegations in this Paragraph consist of opinions, vague approximations, conclusions, and characterizations that do not require a response, as well as references to documents that are not adequately identified. To the extent a response is required, the allegations are denied.

/ / /

**RESPONSE TO PARAGRAPH NO. 18:**

Defendants respond that the allegations in this Paragraph consist of opinions, vague approximations, conclusions, and characterizations that do not require a response, as well as references to documents that are not adequately identified.  To the extent a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 19:**

Defendants respond that allegations in this Paragraph consist of opinions, conclusions, and characterizations that do not require a response, as well as references to documents that are not adequately identified.  All relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 20:**

"DiversyFund Investor Shares" is not a defined term and does not have an obvious meaning, which leaves Defendants unable to respond to allegations relating to such alleged offerings.  Defendants further respond that the allegations in this Paragraph consist of opinions, vague approximations, conclusions, and characterizations that do not require a response, as well as references to documents that are not adequately identified.  To the extent that a response is required, Defendants deny all allegations in Paragraph 20.

**RESPONSE TO PARAGRAPH NO. 21:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 22:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.

/ / /

**ANSWER TO THIRD AMENDED COMPLAINT**

**RESPONSE TO PARAGRAPH NO. 23:**

Paragraph 23 has been stricken by the Court, and therefore no response is required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 24:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 25:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 26:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.  The remaining allegations in this Paragraph consist of characterizations, conclusions, and opinions that do not require a response.  To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 27:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent with such records, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 28:**

Defendants admit that the SEC alleged in March 2022 that REIT II had violated certain regulations and that DiversyFund terminated REIT II's offering in June 2022.

**RESPONSE TO PARAGRAPH NO. 29:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves.  To the extent that the allegations are inconsistent

**ANSWER TO THIRD AMENDED COMPLAINT**

1   with such records, the allegations are denied.

2   **RESPONSE TO PARAGRAPH NO. 30:**

3       Paragraph 30 has been stricken by the Court, and therefore no response is

4   required.

5   **RESPONSE TO PARAGRAPH NO. 31:**

6       Defendants respond that the relevant information is in the public record, and

7   such records speak for themselves. To the extent that the allegations are inconsistent

8   with such records, the allegations are denied.

9   **RESPONSE TO PARAGRAPH NO. 32:**

10       Defendants respond that the SEC's allegations speak for themselves. To the

11   extent that Plaintiffs' allegations mischaracterize the SEC's allegations, Plaintiffs'

12   allegations are denied.

13   **RESPONSE TO PARAGRAPH NO. 33:**

14       Defendants respond that the SEC's allegations speak for themselves. To the

15   extent that Plaintiffs' allegations mischaracterize the SEC's allegations, Plaintiffs'

16   allegations are denied.

17   **RESPONSE TO PARAGRAPH NO. 34:**

18       Defendants respond that the relevant information is in the public record, and

19   such records speak for themselves. To the extent that the allegations are inconsistent

20   with such records, the allegations are denied.

21   **RESPONSE TO PARAGRAPH NO. 35:**

22       Defendants respond that the waiver request, and the SEC's response, speak for

23   themselves. To the extent that Plaintiffs' allegations mischaracterize the waiver

24   request or the SEC's response, the allegations are denied.

25   **RESPONSE TO PARAGRAPH NO. 36:**

26       Defendants respond that the notice of intention to file a petition and the petition

27   speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the

28   notice of intention to file a petition or the petition, the allegations are denied. The

7

**ANSWER TO THIRD AMENDED COMPLAINT**

asserted consequences of these filings are legal conclusions that do not require a
response.

**RESPONSE TO PARAGRAPH NO. 37:**

    Defendants respond that the referenced orders speak for themselves.  To the
extent that Plaintiffs' allegations mischaracterize the referenced orders, the
allegations are denied.  The asserted consequences of these orders are legal
conclusions that do not require a response.

**RESPONSE TO PARAGRAPH NO. 38:**

    Defendants respond that the referenced order speaks for itself.  To the extent
that Plaintiffs' allegations mischaracterize the referenced order, the allegations are
denied.

**RESPONSE TO PARAGRAPH NO. 39:**

    Defendants respond that the referenced order speaks for itself.  To the extent
that Plaintiffs' allegations mischaracterize the referenced order, the allegations are
denied.  The asserted consequences of the order are legal conclusions that do not
require a response.

**RESPONSE TO PARAGRAPH NO. 40:**

    Defendant responds that the allegations are too vague for Defendants to form
a belief as to their truth, and on that basis, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 41:**

    Paragraph 41 has been stricken by the Court, and therefore no response is
required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 42:**

    Paragraph 42 has been stricken by the Court, and therefore no response is
required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 43:**

    Paragraph 43 has been stricken by the Court, and therefore no response is
required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 44:**

Defendants respond that the Bureau's findings speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the Bureau's findings, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 45:**

Defendants admit the allegations in Paragraph 45.

**RESPONSE TO PARAGRAPH NO. 46:**

Defendants deny all allegations in Paragraph 46.

**RESPONSE TO PARAGRAPH NO. 47:**

Defendants respond that the Offering Circular speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the Offering Circular, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 48:**

Defendants respond that the Offering Circular speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the Offering Circular, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 49:**

Defendants deny all allegations in Paragraph 49.

**RESPONSE TO PARAGRAPH NO. 50:**

Defendants respond that the Offering Circular speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the Offering Circular, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 51:**

This allegation refers to documents that are not adequately identified, and accordingly, Defendants are not able to respond.

**RESPONSE TO PARAGRAPH NO. 52:**

Defendants respond that the referenced SEC filings speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the referenced SEC filings, the

1  allegations are denied.  Defendants deny all other allegations in Paragraph 52.

2  **RESPONSE TO PARAGRAPH NO. 53:**

3      Defendants respond that the referenced disclosure speaks for itself.  To the
4  extent that Plaintiffs' allegations mischaracterize the referenced disclosure, the
5  allegations are denied.  Defendants deny all other allegations in Paragraph 53.

6  **RESPONSE TO PARAGRAPH NO. 54:**

7      Defendants respond that the referenced SEC filings speak for themselves.  To
8  the extent that Plaintiffs' allegations mischaracterize the referenced SEC filings, the
9  allegations are denied.

10  **RESPONSE TO PARAGRAPH NO. 55:**

11      This allegation refers to documents that are not adequately identified, and
12  accordingly, Defendants are not able to respond.

13  **RESPONSE TO PARAGRAPH NO. 56:**

14      Defendants deny all allegations in Paragraph 56

15  **RESPONSE TO PARAGRAPH NO. 57:**

16      Defendants admit that REIT II raised approximately $11.3 million from sales
17  of investor shares to the public.  Defendants deny that REIT II has exhibited a
18  "pattern of opacity with respect to its disclosures."

19  **RESPONSE TO PARAGRAPH NO. 58:**

20      Defendants respond that the referenced Offering Circular speaks for itself.  To
21  the extent that Plaintiffs' allegations mischaracterize the referenced Offering
22  Circular, the allegations are denied.

23  **RESPONSE TO PARAGRAPH NO. 59:**

24      Defendants respond that the referenced disclosure speaks for itself.  To the
25  extent that Plaintiffs' allegations mischaracterize the referenced disclosure, the
26  allegations are denied.

27  **RESPONSE TO PARAGRAPH NO. 60:**

28      Defendants deny all allegations in Paragraph 60.

**RESPONSE TO PARAGRAPH NO. 61:**

Defendants respond that the referenced SEC filings speaks for themselves. To the extent that Plaintiffs' allegations mischaracterize the referenced SEC filings, the allegations are denied. Defendants deny all other allegations in Paragraph 61.

**RESPONSE TO PARAGRAPH NO. 62:**

Defendants respond that the Smith Declaration speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the Smith Declaration, the allegations are denied. Defendants deny all other allegations in Paragraph 62.

**RESPONSE TO PARAGRAPH NO. 63:**

This allegation refers to communications that are not identified, and accordingly, Defendants are not able to respond. Defendants also lack sufficient knowledge and/or information to form a belief as to the truth of whether or when Plaintiff Hamerling invested in REIT II, or whether she relied on any representations, and on that basis, such allegations are denied.

**RESPONSE TO PARAGRAPH NO. 64:**

Paragraph 64 has been stricken by the Court, and therefore no response is required. To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 65:**

Paragraph 65 has been stricken by the Court, and therefore no response is required. To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 66:**

Defendants respond that the referenced supplemental declaration speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced supplemental declaration, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 67:**

Defendants respond that the SEC charges speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the SEC charges, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 68:**

Defendants respond that the referenced Offering Circular speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Circular, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 69:**

Defendants deny all allegations in Paragraph 69.

**RESPONSE TO PARAGRAPH NO. 70:**

Defendants deny all allegations in Paragraph 70.

**RESPONSE TO PARAGRAPH NO. 71:**

Defendants admit that REIT I made the alleged loans.  Defendants deny all other allegations in Paragraph 71.

**RESPONSE TO PARAGRAPH NO. 72:**

Defendants respond that DiversyFund's website speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize DiversyFund's website, the allegations are denied.  The last sentence in Paragraph 72 refers to a document that is not adequately identified, leaving Defendants unable to respond to this allegation.  Defendants deny all other allegations in Paragraph 72.

**RESPONSE TO PARAGRAPH NO. 73:**

Defendants deny all allegations in Paragraph 73.

**RESPONSE TO PARAGRAPH NO. 74:**

Paragraph 74 has been stricken by the Court, and therefore no response is required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 75:**

Paragraph 75 has been stricken by the Court, and therefore no response is required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 76:**

Paragraph 76 has been stricken by the Court, and therefore no response is required.  To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 77:**

Paragraph 77 has been stricken by the Court, and therefore no response is required. To the extent that a response is deemed required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 78:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with such records, such allegations are denied. Defendants specifically deny that DiversyFund was entitled to receive "a recurring management fee."

**RESPONSE TO PARAGRAPH NO. 79:**

Defendants respond that the relevant information is in the public record, and such records speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with such records, such allegations are denied. The remaining allegations consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, such allegations are denied.

**RESPONSE TO PARAGRAPH NO. 80:**

Defendants respond that the referenced Offering Circular Supplement and Form 1-K speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Circular Circular Supplement or Form 1-K, the allegations are denied. All other allegations in Paragraph 80 are denied.

**RESPONSE TO PARAGRAPH NO. 81:**

Defendants respond that the DiversyFund's website speaks for itself. To the extent that Plaintiffs' allegations mischaracterize DiversyFund's website, the allegations are denied. All other allegations in Paragraph 81 are denied.

**RESPONSE TO PARAGRAPH NO. 82:**

Defendants respond that the DiversyFund's website speaks for itself. To the extent that Plaintiffs' allegations mischaracterize DiversyFund's website, the allegations are denied. The commencement of REIT II's sale of Investor Shares is a matter of public record, and such records speak for themselves. To the extent that

1  Plaintiffs' allegations are inconsistent with such records, such allegations are denied.

2  All other allegations in Paragraph 82 are denied.

3  **RESPONSE TO PARAGRAPH NO. 83:**

4      Defendants respond that the Mr. Lewis's testimony speaks for itself.  To the

5  extent that Plaintiffs' allegations mischaracterize Mr. Lewis's testimony, the

6  allegations are denied.

7  **RESPONSE TO PARAGRAPH NO. 84:**

8      Defendants deny all allegations in Paragraph 84.

9  **RESPONSE TO PARAGRAPH NO. 85:**

10      Defendants deny all allegations in Paragraph 85.

11  **RESPONSE TO PARAGRAPH NO. 86:**

12      Defendants deny all allegations in Paragraph 86.

13  **RESPONSE TO PARAGRAPH NO. 87:**

14      Defendants respond that the referenced Offering Circular speaks for itself.  To

15  the extent that Plaintiffs' allegations mischaracterize the referenced Offering

16  Circular, the allegations are denied.  All other relevant information is in the public

17  record, and such records speak for themselves.  To the extent that Plaintiffs'

18  allegations are inconsistent with such records, such allegations are denied.

19  **RESPONSE TO PARAGRAPH NO. 88:**

20      Defendants respond that the referenced Offering Circular speaks for itself.  To

21  the extent that Plaintiffs' allegations mischaracterize the referenced Offering

22  Circular, the allegations are denied.

23  **RESPONSE TO PARAGRAPH NO. 89:**

24      Defendants respond that the referenced Offering Circular speaks for itself.  To

25  the extent that Plaintiffs' allegations mischaracterize the referenced Offering

26  Circular, the allegations are denied.  Defendants specifically deny that the alleged

27  "promise" was material to a reasonable investor.

28

**ANSWER TO THIRD AMENDED COMPLAINT**

**RESPONSE TO PARAGRAPH NO. 90:**

Defendants respond that the referenced Offering Circular speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Circular, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 91:**

Defendants respond that the referenced Offering Circulars and Offering Circular Supplements speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Circulars or Offering Circular Supplements, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 92:**

Defendants respond that the referenced Offering Supplement speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Supplement, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 93:**

Defendants respond that the referenced Offering Circular Supplement and Form 1-K speak for themselves. To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Circular Supplement or Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 94:**

The allegations in Paragraph 94 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, all allegations are denied.

**RESPONSE TO PARAGRAPH NO. 95:**

Defendants respond that the referenced Form 1-K speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 96:**

Defendants respond that the referenced Form 1-SA speaks for itself. To the

**ANSWER TO THIRD AMENDED COMPLAINT**

extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 97:**

Defendants respond that the referenced Form 1-SA speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 98:**

Defendants deny all allegations in Paragraph 98.

**RESPONSE TO PARAGRAPH NO. 99:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 100:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 101:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 102:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 103:**

Defendants respond that the Smith Declaration speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the Smith Declaration, the allegations are denied.

**ANSWER TO THIRD AMENDED COMPLAINT**

**RESPONSE TO PARAGRAPH NO. 104:**

Defendants deny all allegations in Paragraph 104.

**RESPONSE TO PARAGRAPH NO. 105:**

Defendants respond that the referenced Form 1-SA speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 106:**

Defendants respond that the referenced Form 1-SA speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 107:**

Defendants respond that the referenced Form 1-K speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 108:**

Defendants admit that $549,892 is more than 5.5% of $5,255,302.

**RESPONSE TO PARAGRAPH NO. 109:**

Defendants deny all allegations in Paragraph 109.

**RESPONSE TO PARAGRAPH NO. 110:**

Defendants respond that the referenced Form 1-K speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 111:**

Defendants respond that the referenced Form 1-K speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 112:**

Defendants respond that the referenced Form 1-K speaks for itself. To the

extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 113:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 114:**

Defendants deny all allegations in Paragraph 114.

**RESPONSE TO PARAGRAPH NO. 115:**

Defendants respond that the referenced Form 1-SA speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 116:**

Defendants respond that the referenced Form 1-SA speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 117:**

Defendants deny all allegations in Paragraph 117..

**RESPONSE TO PARAGRAPH NO. 118:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 119:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 120:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the

**ANSWER TO THIRD AMENDED COMPLAINT**

1   extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the
2   allegations are denied.

3   **RESPONSE TO PARAGRAPH NO. 121:**

4   Defendants respond that the referenced Form 1-K speaks for itself.  To the
5   extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the
6   allegations are denied.

7   **RESPONSE TO PARAGRAPH NO. 122:**

8   Defendants deny all allegations in Paragraph 122.

9   **RESPONSE TO PARAGRAPH NO. 123:**

10  Defendants respond that the referenced Form 1-SA speaks for itself.  To the
11  extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the
12  allegations are denied.

13  **RESPONSE TO PARAGRAPH NO. 124:**

14  Defendants respond that the referenced Form 1-SA speaks for itself.  To the
15  extent that Plaintiffs' allegations mischaracterize the referenced Form 1-SA, the
16  allegations are denied.

17  **RESPONSE TO PARAGRAPH NO. 125:**

18  Defendants deny all allegations in Paragraph 125.

19  **RESPONSE TO PARAGRAPH NO. 126:**

20  Defendants respond that the referenced Offering Supplement and Offering
21  Statement speak for themselves.   To the extent that Plaintiffs' allegations
22  mischaracterize the referenced Offering Supplement or Offering Statement, the
23  allegations are denied.

24  **RESPONSE TO PARAGRAPH NO. 127:**

25  Defendants respond that the referenced Offering Supplement speaks for itself.
26  To the extent that Plaintiffs' allegations mischaracterize the referenced Offering
27  Supplement, the allegations are denied.

28

**ANSWER TO THIRD AMENDED COMPLAINT**

**RESPONSE TO PARAGRAPH NO. 128:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 129:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 130:**

Defendants respond that the referenced documents speak for themselves.  To the extent that Plaintiffs' allegations mischaracterize the referenced documents, the allegations are denied.  All other allegations in Paragraph 130 are denied.

**RESPONSE TO PARAGRAPH NO. 131:**

Defendants respond that the referenced Form 1-K speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Form 1-K, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 132:**

Defendants deny all allegations in Paragraph 132.

**RESPONSE TO PARAGRAPH NO. 133:**

The allegations refer to communications or documents that are not adequately identified, and accordingly, Defendants are unable to respond.

**RESPONSE TO PARAGRAPH NO. 134:**

Defendants respond that the referenced SEC Filings speak for themselves.  To the extent that Plaintiffs' allegations mischaracterize the referenced SEC Filings, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 135:**

Defendants respond that the referenced Form 1-SA and Form 1-K speak for themselves.  To the extent that Plaintiffs' allegations mischaracterize the referenced

1  Form 1-SA or Form 1-K, the allegations are denied.

2  **RESPONSE TO PARAGRAPH NO. 136:**

3       Defendants respond that the referenced Final SEC Order speaks for itself.  To

4  the extent that Plaintiffs' allegations mischaracterize the Final SEC Order, the

5  allegations are denied.

6  **RESPONSE TO PARAGRAPH NO. 137:**

7       Defendants respond that the referenced Offering Circular Supplement and

8  SEC note to Rule 253(b) speak for themselves.  To the extent that Plaintiffs'

9  allegations mischaracterize the referenced Offering Circular Supplement or SEC note

10  to Rule 253(b), the allegations are denied.

11  **RESPONSE TO PARAGRAPH NO. 138:**

12      The allegations in Paragraph 138 consist of opinions, conclusions, and

13  characterizations that do not require a response.  To the extent that a response is

14  required, the allegations are denied.

15  **RESPONSE TO PARAGRAPH NO. 139:**

16      Defendants admit that REIT II did not become aware of the SEC's

17  investigation prior to November 2021.  Defendants further respond that the

18  referenced (though unidentified) SEC filings speak for themselves.  To the extent that

19  Plaintiffs' allegations mischaracterize such SEC filings, the allegations are denied.

20  Defendants deny all other allegations in Paragraph 139.

21  **RESPONSE TO PARAGRAPH NO. 140:**

22      Defendants respond that the Complaint speaks for itself.  To the extent that

23  Plaintiffs' allegations mischaracterize the Complaint, the allegations are denied.

24  **RESPONSE TO PARAGRAPH NO. 141:**

25      Defendants respond that the Complaint speaks for itself.  To the extent that

26  Plaintiffs' allegations mischaracterize the Complaint, the allegations are denied.

27  **RESPONSE TO PARAGRAPH NO. 142:**

28      Defendants respond that the Complaint speaks for itself.  To the extent that

1   Plaintiffs' allegations mischaracterize the Complaint, the allegations are denied.

2   **RESPONSE TO PARAGRAPH NO. 143:**

3       Defendants respond that the Complaint speaks for itself.  To the extent that

4   Plaintiffs' allegations mischaracterize the Complaint, the allegations are denied.

5   **RESPONSE TO PARAGRAPH NO. 144:**

6       Defendants respond that the Complaint speaks for itself.  To the extent that

7   Plaintiffs' allegations mischaracterize the Complaint, the allegations are denied.

8   **RESPONSE TO PARAGRAPH NO. 145:**

9       Defendants respond that the Complaint speaks for itself.  To the extent that

10  Plaintiffs' allegations mischaracterize the Complaint, the allegations are denied.

11  **RESPONSE TO PARAGRAPH NO. 146:**

12      The allegations in Paragraph 146 consist of opinions, conclusions, and

13  characterizations that do not require a response.  To the extent that a response is

14  required, the allegations are denied.

15  **RESPONSE TO PARAGRAPH NO. 147:**

16      The allegations in Paragraph 147 consist of opinions, conclusions, and

17  characterizations that do not require a response.  To the extent that a response is

18  required, the allegations are denied.

19  **RESPONSE TO PARAGRAPH NO. 148:**

20      Defendants respond that DiversyFund's website for itself.  To the extent that

21  Plaintiffs' allegations mischaracterize DiversyFund's website, the allegations are

22  denied.

23  **RESPONSE TO PARAGRAPH NO. 149:**

24      Defendants respond that the referenced SEC filings speak for themselves.  To

25  the extent that Plaintiffs' allegations mischaracterize the referenced SEC filings, the

26  allegations are denied.  The remaining allegations in Paragraph 149 consist of

27  opinions, conclusions, and characterizations that do not require a response.  To the

28  extent that a response is required, the allegations are denied.

**ANSWER TO THIRD AMENDED COMPLAINT**

**RESPONSE TO PARAGRAPH NO. 150:**

Defendants deny all allegations in Paragraph 150.

**RESPONSE TO PARAGRAPH NO. 151:**

The allegations in Paragraph 151 consist of opinions, conclusions, and characterizations that do not require a response.  To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 152:**

The allegations in Paragraph 152 consist of opinions, vague approximations, conclusions, and characterizations that do not require a response.  To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 153:**

The allegations in Paragraph 153 consist of opinions, conclusions, and characterizations that do not require a response.  To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 154:**

Defendants deny all allegations in Paragraph 154.

**RESPONSE TO PARAGRAPH NO. 155:**

Defendants deny all allegations in Paragraph 155.

**RESPONSE TO PARAGRAPH NO. 156:**

Defendants deny all allegations in Paragraph 156.

**RESPONSE TO PARAGRAPH NO. 157:**

The allegations in Paragraph 157 consist of opinions, conclusions, and characterizations that do not require a response.  To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 158:**

Defendants respond that the referenced Offering Circular speaks for itself.  To the extent that Plaintiffs' allegations mischaracterize the referenced Offering Circular, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 159:**

Defendants respond that the referenced Semi-Annual Report speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Semi-Annual Report, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 160:**

Defendants respond that the referenced Semi-Annual Report speaks for itself. To the extent that Plaintiffs' allegations mischaracterize the referenced Semi-Annual Report, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 161:**

The allegations in Paragraph 161 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 162:**

The allegations in Paragraph 162 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 163:**

Defendants deny all allegations in Paragraph 163.

**RESPONSE TO PARAGRAPH NO. 164:**

Defendants deny all allegations in Paragraph 164.

**RESPONSE TO PARAGRAPH NO. 165:**

Defendants deny all allegations in Paragraph 165.

**RESPONSE TO PARAGRAPH NO. 166:**

Defendants deny all allegations in Paragraph 166.

**RESPONSE TO PARAGRAPH NO. 167:**

Defendants deny all allegations in Paragraph 167.

**RESPONSE TO PARAGRAPH NO. 168:**

Defendants deny all allegations in Paragraph 168.

**RESPONSE TO PARAGRAPH NO. 169:**

Defendants deny all allegations in Paragraph 169.

**RESPONSE TO PARAGRAPH NO. 170:**

Defendants deny all allegations in Paragraph 170.

**RESPONSE TO PARAGRAPH NO. 171:**

Defendants admit that Plaintiffs bring this action as a proposed class action, with a putative class as described.

**RESPONSE TO PARAGRAPH NO. 172:**

The allegations in Paragraph 172 consist of opinions, vague approximations conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 173:**

Defendants deny all allegations in Paragraph 173.

**RESPONSE TO PARAGRAPH NO. 174:**

Defendants deny that Plaintiffs' interests are typical of, and not antagonistic to, the interests of other members of the putative class.

**RESPONSE TO PARAGRAPH NO. 175:**

The allegations in Paragraph 175 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 176:**

Defendants deny all allegations in Paragraph 176.

**RESPONSE TO PARAGRAPH NO. 177:**

The allegations in Paragraph 177 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 178:**

Defendants incorporate all prior responses as if fully set forth herein.

**RESPONSE TO PARAGRAPH NO. 179:**

Defendants respond that Section 25401 speaks for itself. To the extent that Plaintiffs' allegations mischaracterize Section 25401, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 180:**

Defendants deny all allegations in Paragraph 180.

**RESPONSE TO PARAGRAPH NO. 181:**

Defendants deny all allegations in Paragraph 181.

**RESPONSE TO PARAGRAPH NO. 182:**

Defendants deny all allegations in Paragraph 182.

**RESPONSE TO PARAGRAPH NO. 183:**

Defendants deny all allegations in Paragraph 183.

**RESPONSE TO PARAGRAPH NO. 184:**

Defendants incorporate all prior responses as if fully set forth herein.

**RESPONSE TO PARAGRAPH NO. 185:**

The allegations in Paragraph 185 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 186:**

The allegations in Paragraph 186 consist of opinions, conclusions, and characterizations that do not require a response. To the extent that a response is required, the allegations are denied.

**RESPONSE TO PARAGRAPH NO. 187:**

Defendants deny all allegations in Paragraph No. 187.

/ / /

/ / /

/ / /

**AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

## (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

## <u>(Laches)</u>

Plaintiffs' claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

## (Waiver)

The rights asserted by Plaintiffs have been waived.

## FOURTH AFFIRMATIVE DEFENSE

## (No Class Relief)

The Plaintiffs are not entitled to pursue their claims as class actions or to obtain relief on behalf of any putative class.

## <u>PRAYER</u>

WHEREFORE, Defendants pray for judgment in their favor of as follows:

That Plaintiffs take nothing by their Third Amended Complaint against Defendants;

That class certification be denied;

That Defendants be awarded their costs and attorneys' fees as authorized by applicable law; and

For such other and further relief as the Court may deem just and proper.


DATED:  December 5, 2025        By:    _/s/ Alan Lewis_
                                       ALAN LEWIS
                                       Pro Se Defendant


                                By:   _/s/ Craig Cecilio_
                                      CRAIG CECILIO
                                      Pro Se Defendant