# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV and RYAN KRAUSE, *on behalf of themselves and all others similarly situated*, | Case No.: 3:22-cv-02001-AJB-VET |
| Plaintiffs, | **SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |
| v. | |
| DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS, | |
| Defendants. | |

Pursuant to Rule 16.1(d) of the Local Rules, the Court held a Case Management Conference on **December 18, 2025**. After consulting with the attorneys of record and the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **January 19, 2026**.

2.    Counsel shall appear for a remote Settlement Conference before Magistrate Judge Valerie E. Torres on **March 10, 2026 at 9:30 a.m**. Instructions for remote

1

appearances will be provided two (2) business days prior to the conference. No later than **seven (7) calendar days** before the Settlement Conference, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

3.    Counsel shall appear for a remote Status Conference before Magistrate Judge Valerie E. Torres on **March 23, 2026** at **10:00 a.m.** Instructions for remote appearances will be provided two (2) business days prior to the conference.

4.    Fact and class discovery are not bifurcated. All fact and class discovery shall be completed by all parties by **June 22, 2026**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

5.    The parties shall designate their respective experts in writing by **July 22, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **August 5, 2026**. The written expert designations shall include the name, address and telephone number of the

2

expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

6. By **September 8, 2026**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

7. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **September 22, 2026**.

8. All expert discovery shall be completed by all parties by **October 22, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

9. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **November 4, 2026** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

3:22-cv-02001-AJB-VET

b.     **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c.     **Confidential Settlement Brief.** No later than <u>**seven (7) calendar days**</u> before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

d.     **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

---

[2]   The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3]   Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

3:22-cv-02001-AJB-VET

e.      **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference ***at least five (5) minutes before*** the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

10.    Plaintiffs must file a motion for class certification by **November 23, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Counsel should consider addressing class certification discovery and motion practice at the earliest practical time.

11.    All other dispositive motions, ***including those addressing Daubert issues***, must be filed by **November 23, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the Judge Battaglia.

12.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **February 25, 2027**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

3:22-cv-02001-AJB-VET

13.    This order replaces the requirements under Local Rule 16.1(f)(2)–(3). No Memorandum of Contentions of Fact and Law is to be filed.

14.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **March 4, 2027**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

15.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 11, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

16.    Objections to pre-trial disclosures must be filed no later than **March 11, 2027**.

17.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **March 18, 2027**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

18.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **Thursday March 25, 2027** at **2:00 p.m**.

19.    A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20.    The dates and times set forth herein will not be modified except for good cause shown.

21.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge.

Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

22.    The parties must review the chambers' rules for the assigned district judge and magistrate judge. A copy of the chambers rules for Judge Battaglia and Judge Torres are attached to this Order. Additionally, a copy of the Civil Local Rules is attached to this Order.

23.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated:  December 22, 2025

Honorable Valerie E. Torres
United States Magistrate Judge

7