LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons (SBN 244977)
92 Hopmeadow Street, Suite 205
Weatogue, CT 06089
Tel: (860) 920-5181
Fax: (860) 920-5174
joshuakons@konslaw.com

[Additional Parties Listed on Signature Page]

Attorneys for Plaintiffs MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV, and RYAN KRAUSE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK FERRY, IGOR KOROSTELEV, VALERIE HAMERLING and RYAN KRAUSE, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-2001-AJB-VET<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT** |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ave. Seattle, LLC*,
  2023 U.S. Dist. LEXIS 73142 (C.D. Cal. Apr. 18, 2023) ................................... 13

*Danning v. Lavine*,
  572 F.2d 1386 (9th Cir. 1978) ............................................................................ 10

*Derek Andrew, Inc. v. Proof Apparel Corp.*,
  528 F.3d 696 (9th Cir. 2008) ................................................................................ 8

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) .............................................................................. 9

*Fair Hous. of Marin v. Combs*,
  285 F.3d 899 (9th Cir. 2002) ................................................................................ 8

*FSN, Inc. v. Proactive Supply Chain Grp. USA, Inc.*,
  2025 U.S. Dist. LEXIS 161027 (C.D. Cal. Aug. 19, 2025) ................................. 11

*Geddes v. United Fin. Group*,
  559 F.2d 557 (9th Cir. 1977) ................................................................................ 8

*Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*,
  515 F.2d 1200 (5th Cir. 1975) .............................................................................. 9

*TeleVideo Sys., Inc. v. Heidenthal*,
  826 F.2d 915 (9th Cir. 1987) ................................................................................ 8

*U.S. v. Cathcart*,
  2010 U.S. Dist. LEXIS 19998 (N.D. Cal. Feb. 12, 2010) ................................... 10

*Vogel v. Harbor Plaza Ctr.*, LLC,
  893 F.3d 1152 (9th Cir. 2018) ............................................................................ 12

**Statutes**

§ 25401 of the Cal. Corp. Code ............................................................................. 3, 6
§ 25501 of the Cal. Corp. Code ........................................................................... 4, 12

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................... 6, 7
Fed. R. Civ. P. 54(d)(2) ........................................................................................... 13
Fed. R. Civ. P. 55(a) .................................................................................................. 8
Federal Rule of Civil Procedure 55(b)(2) ............................................................ 3, 8

**Regulations**

17 C.F.R. 230.251 ...................................................................................................... 6

**Other Authorities**

*FSN, Inc.*,
   2025 U.S. Dist. LEXIS 161027 at \*22 ............................................................... 11
*FSN, Inc.*,
   2025 U.S. Dist. LEXIS 161027 at \*23-24 .......................................................... 11

Plaintiffs Mark Ferry, Igor Korostelev, Valerie Hamerling, and Ryan Krause ("Plaintiffs"), respectfully submit as follows as and for their Memorandum of Points and Authorities in support of their accompanying motion pursuant to Federal Rule of Civil Procedure 55(b)(2) and CivLR 55.1, which requests that the Court enter default judgment against Defendants DF Growth REIT, LLC ("REIT I"), DF Growth REIT II, LLC ("REIT II"), and DiversyFund, Inc. ("DiversyFund"). REIT I, REIT II and DiversyFund are collectively referred to below as the "Entity Defendants".

Plaintiffs respectfully request that the Court enter judgment in the form submitted herewith directing that the Entity Defendants repay to the Plaintiffs the consideration paid for the subject securities, shares in REIT I and REIT II plus interest at the legal rate, less the amount of any income received on the security, and set the matter down for an inquest to establish the quantum of attorneys' fees and costs to be awarded to Plaintiffs' counsel as counsel for the prevailing party herein.

## I. FACTS AND PROCEDURAL HISTORY

As addressed in detail in the Third Amended Complaint (Dkt. 41), the Plaintiffs alleged among other things that Defendants REIT I and REIT II violated § 25401 of the Cal. Corp. Code by making statements of material fact regarding (i) the fees charged by REIT I and REIT II, and (ii) the status of REIT I and REIT II Class A Investor shares as exempt from registration, that were untrue, and/or omitted to state material facts necessary to make the statements made, in the light of

1

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT**

the circumstances under which the statements were made, not misleading.

Based on these claims, Plaintiffs sought to hold REIT I and REIT II are each liable to Plaintiffs for rescission under § 25501 of the Cal. Corp. Code. Plaintiffs further sought to hold Defendants DiversyFund, Cecilio, and Lewis jointly and severally liable, to the same extent as each of REIT I and/or REIT II are liable, for rescission of the investments in REIT I and REIT II purchased by the Plaintiffs. Plaintiffs have alleged throughout this litigation, Defendants made various material misrepresentations and omissions of fact via their U.S. Securities and Exchange Commission ("SEC") filings, Offering Circulars and supplements thereto, and website, including recurring misstatements between 2018 and 2022 about the fees charged or to be charged by the subject DF Growth REITs I and II.[1]

This case has been the subject of three Motions to Dismiss directed to the First Amended Complaint (Dkt. 13, hereinafter "FAC") Second Amended Complaint (Dkt. 25, hereinafter "SAC"), and Third Amended Complaint (Dkt. 41, hereinafter "TAC"), resolved via three orders Dkt. 23 ("March 26, 2024 Order") Dkt. 40 ("December 6, 2024 Order") and Dkt. 54 ("June 9, 2025 Order") that have resulted in Plaintiffs' claims being narrowed.

In the March 26, 2024 Order, the Court ruled that Plaintiffs' alleged misrepresentations and omissions concerning the independence of REIT I from

---

[1] Terms not defined herein shall have the same meanings as in the TAC.

2
**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT**

REIT II (and vice versa), the background and experience of management and certain SEC investigations, management fees that might be collected in the future from REIT I, and the minimum amount of capital that REIT II needed to raise to be a viable investment do not establish a "concrete harm" constituting an injury in fact for purposes of Article III standing. (March 24 Order, pp. 6-8; December 6, 2024 Order, pp. 7-11). Plaintiffs do not seek to revisit these dismissals via the TAC.

Second, the Court dismissed some, but not all, of Plaintiffs' allegations concerning acquisition and developer fees charged by Defendants to REIT I and REIT II, that exceeded the limits on such fees Defendants had advertised, based on Article III standing. (December 6, 2024 Order, pp. 11-14) Plaintiffs alleged REIT I and REIT II paid acquisition and developer fees to DiversyFund that exceeded the maximum amount Defendants disclosed would be paid—generally no more than 8% of REIT I's share of any project's total cost, and no more than 4% of REIT II's share of any project's cost. *Id.* The Court held that with respect to the project known as NCP Dove, "Plaintiffs continue to have standing to bring their misrepresentation claim" because "the parties' disputes as to the amount of acquisition fees paid, the amount paid by any one Defendant, and the total project costs are intertwined with the merits of Plaintiffs' misrepresentation claim." *Id.* at 14. The Court similarly held, with respect to the project known as DF Summerlyn, that Plaintiffs continue to have Article III standing to assert their claims. *Id.* at 13.

However, the Court dismissed Plaintiffs' claims concerning acquisition fees with respect to two other projects- McArthur LG and Park Boulevard, based on the Court's finding that Plaintiffs had failed to demonstrate that they suffered an injury in fact sufficient to establish standing. *Id.* at 12-14. Plaintiffs do not seek to revisit these dismissals via the TAC.

Third, as discussed in detail below, the Court dismissed Plaintiffs' claims concerning acquisition/developer fees with respect to DF Summerlyn and NCP Dove under Fed. R. Civ. P. 9(b), based on Plaintiffs' failure to allege the "total project cost" for each of those projects, but granted Plaintiffs leave to amend those claims. *Id.* at 24.

Fourth, the Court denied Defendants' motion to dismiss with respect to Plaintiffs claims that REITs I and II "repeatedly misrepresented to the SEC and to the public that their offerings fell within the Regulation A exemption under 17 C.F.R. 230.251 *et seq.*, when instead, both REIT I and REIT II were illegally offered and sold without any applicable offering exemption." *Id.* at 16-17, 26.

The December 6, 2024 Order granted "Defendants' motion to dismiss as to Plaintiffs' Section 25401 cause of action with respect to alleged misrepresentations regarding (i) the interdependency between REIT I and REIT II; (ii) the excessive acquisition fees charged by REIT I and REIT II; (iii) the background of management; and (iv) REIT I and REIT II's lack of a need to raise a minimum

4

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT**

amount of capital." However, the Court denied the motion with respect to claims regarding "(v) REIT II's alleged misrepresentations about charging asset management fees and (vi) the status of REIT I and REIT II Class A Investor shares as exempt from registration." The Court also permitted Plaintiffs to replead the dismissed claims in the TAC.

In the June 9, 2025 Order, the Court addressed two remaining issues: First, whether Plaintiffs meet the standards of Fed. R. Civ. P. 9(b) with respect to Defendants charging acquisition and developer fees to REITs I and II with respect to NCP Dove and DF Summerlyn; and second, whether Plaintiffs have sufficiently pleaded misrepresentations concerning the fact that Defendants sold unregistered securities of REIT I and II, that were not within any valid exemption from registration, while holding such securities out to investors and the public as being within a valid Regulation A exemption from registration.

Thereafter, on July 17, 2025, counsel for Defendants moved to withdraw as counsel of record. Dkt. 57. On August 6, 2025, the Court granted the motion to withdraw as counsel, and ordered the Entity Defendants to secure new counsel and file an appearance no later than September 8, 2025. The Court further ordered that if new counsel for the Entity Defendants was not secured and have appeared in the action, that the Court would strike the Entity Defendants' Answer in its entirety and enter a default against them. Dkt. 68.

The Entity Defendants did not secure counsel, nor did counsel file an appearance on their behalf. As a result, on November 10, 2025, the Court struck the Answer of the Entity Defendants and directed the Clerk to enter a default against the Entity Defendants.[2] On November 10, 2025, the Clerk entered a Default against the Entity Defendants. Dkt. 73. The Court should now enter a judgment by default against the Entity Defendants in the form submitted herewith.

## II.  ARGUMENT

### A.  The Well-Pleaded Allegations of the TAC, Taken as True, Support Liability

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows the Court in its discretion to enter a judgment of default. Where a default has been entered pursuant to Fed. R. Civ. P. 55(a), the "general rule of law i that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Derek Andrew, Inc. v. Proof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Thus, on a motion for default judgment, "w]ith respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), citing *Geddes v.*

---

[2] The Court initially also ruled the same against the individual pro se Defendants, but later set the default aside and permitted them to file Answers. Dkt. 76.

*United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977); *Heidenthal*, 826 F.2d at 917-18; *see also Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Here, the well-pleaded allegations of the Complaint, tested by motion practice, establish that the Entity Defendants made statements of material fact regarding (i) the fees charged by REIT I and REIT II; and (ii) the status of REIT I and REIT II Class A Investor shares as exempt from registration. These statements were untrue, and/or omitted to state material facts necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

The Court should enter a default judgment of ordering rescission of the purchases of the securities by the Plaintiffs, as set forth in the accompanying Declaration of Joshua B. Kons dated February 2, 2026 ("Kons Decl.").

**B.     The *Eitel* Factors Are Satisfied**

In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the U.S. Court of Appeals for the Ninth Circuit set forth seven factors a court should consider in determining whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

First, the Plaintiffs will suffer prejudice if default judgment is not entered. The Entity Defendants have failed to secure counsel or otherwise appear through counsel, thus, denial of judgment by default would leave the Plaintiffs without any other judicial remedy. *See, e.g., U.S. v. Cathcart*, 2010 U.S. Dist. LEXIS 19998 at *11 (N.D. Cal. Feb. 12, 2010) (noting that "[d]enying a plaintiff a means of recourse is by itself sufficient to meet the burden posed by this factor" (citation omitted).

Second and Third, the sufficiency of the complaint and the merits of the Plaintiffs substantive claims also heavily weigh in favor of default judgment. These factors require the Court to determine whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Here, the remaining allegations of the TAC are well-pleaded: they total 80 pages and 187 separately-numbered paragraphs, and have survived three Motions to Dismiss.

Fourth, the total amount raised from the Entity Defendants exceeds $75 million, whereas the sum of money sought in the rescission is only $32,000 exclusive of interest. *See* Kons Decl., ¶8 . The attorneys' fees, which Plaintiffs intend to establish in a separate application, are substantial, but that is a product of the Entity Defendants' aggressive motion practice in light of a statutory attorneys' fee shift.

8
**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT**

Fifth, a dispute as to a material fact is unlikely in this case. Plaintiffs' factual allegations rely on documents created and distributed by the Entity Defendants', as well as other publicly available documents. Accordingly, "[w]here a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *FSN, Inc. v. Proactive Supply Chain Grp. USA, Inc.,* 2025 U.S. Dist. LEXIS 161027 at *21-22 (C.D. Cal. Aug. 19, 2025).

Sixth, the Entity Defendants' default is not due to excusable neglect. Defendants Alan Lewis and Craig Cecilio are officers of the Entity Defendants, and based on Doc. Nos. 74:75), were well aware of the deadlines imposed by the Courts for the Entity Defendants to secure new counsel to appear on the Entity Defendants behalf. *See FSN, Inc.,* 2025 U.S. Dist. LEXIS 161027 at *22 (no excusable neglect where company had actual notice of proceedings). Several months have passed since the Court's order on August 6, 2025, directing the Entity Defendants to secure new counsel and file an appearance no later than September 8, 2025, and no new counsel has appeared for the Entity Defendants to argue excusable neglect. As a result, the Sixth favor is satisfied.

Seventh, while there is a strong policy favoring decisions on the merits, that policy does not, on its own, require denial of the United States' motion for default judgment. "A defendant's failure to answer a plaintiff's complaint 'makes a decision on the merits impractical, if not impossible." *See FSN, Inc.,* 2025 U.S.

9

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT**

Dist. LEXIS 161027 at *23-24 (internal quotation mark and citation omitted).

For all of the foregoing reasons, the *Eitel* factors weigh heavily in favor of default judgment.

### C. Plaintiffs Are Entitled to Rescission and Attorneys' Fees

§ 25501 of the Cal. Corp. Code. provides in relevant part:

> Any person who violates Section 25401 shall be liable to the person who purchases a security from, or sells a security to, that person, who may sue either for rescission or for damages (if the plaintiff or the defendant, as the case may be, no longer owns the security), unless the defendant [*8] proves that the plaintiff knew the facts concerning the untruth or omission or that the defendant exercised reasonable care and did not know (or if the defendant had exercised reasonable care, would not have known) of the untruth or omission. Upon rescission, a purchaser may recover the consideration paid for the security, plus interest at the legal rate, less the amount of any income received on the security, upon tender of the security.

The Entity Defendants defaulted before discovery was complete, and therefore have the most accurate and complete books and records on the date of investment, amount invested, and income/interest paid to the Plaintiffs.

In addition to the rescission remedy, Cal. Corp. Code § 25501 further provides in relevant part as follows: "In addition to the relief described above, the court shall award reasonable attorney's fees and costs to a prevailing purchaser or seller who succeeds in establishing a right to the relief provided by this section." A party who prevails based on a default judgment is entitled to recovery reasonable attorneys' fees as a prevailing party. *See Vogel v. Harbor Plaza Ctr.,* LLC, 893 F.3d 1152, 1158 (9th Cir. 2018).

Plaintiffs request that the Court set the case down for an inquest to determine

the quantum of reasonable attorneys' fees to be awarded. Plaintiffs intend to provide detailed support for a requested award of attorneys' fees in a separate application pursuant to Fed. R. Civ. P. 54(d)(2) within twenty-one (21) days of entry of judgment. *See Li Mei Chen v. Urban Commons 6th Ave. Seattle, LLC,* 2023 U.S. Dist. LEXIS 73142 at *33 (C.D. Cal. Apr. 18, 2023) (permitting plaintiff granted a default judgment to file "separate motion to determine the appropriate amount of the fee award").

### III. CONCLUSION

For all of the foregoing reasons, the Plaintiffs respectfully request that the Court GRANT this Motion and enter judgment in the form submitted herewith, and set the case down for an inquest to determine the quantum of reasonable attorneys' fees to be awarded.

Dated: February 2, 2026

                                        Respectfully submitted,

                                        LAW OFFICES OF
                                        JOSHUA B. KONS, LLC

                                        By:  /s/ Joshua Kons
                                                  JOSHUA B. KONS
                                        92 Hopmeadow Street, Suite 205
                                        Weatogue, CT 06089
                                        Phone: (860) 920-5181
                                        Fax: (860) 920-5174
                                        joshuakons@konslaw.com

                                        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

Todd M. Friedman
21550 Oxnard St, Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com

LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
Christopher J. Gray (*pro hac vice*)
60 East 42nd Street, 46th Floor
New York, New York 10165
Phone: (212) 838-3221
Fax: (212) 937-3139
chris@investorlawyers.net

*Attorneys for Plaintiffs*

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Hartford, State of Connecticut, and not a party to the above-entitled cause. On February 2, 2026 , I served a true copy of the Memorandum of Points and Authorities in Support of their Motion for Default Judgment on all Defendants by ECF by electronically filing the foregoing with the District Court using its ECF System, by emailing pro se Defendants Alan Lewis and Craig Cecilio, and by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following, as well as for personal service directed to Corporation Service Company as registered agent for the Entity Defendants:

    Alan Lewis
    750 B Street, Suite 1930
    San Diego, CA 92101

    Craig Cecilio
    750 B Street, Suite 1930
    San Diego, CA 92101

    DiversyFund, Inc. c/o Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

    DF Growth REIT, LLC. c/o Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

    DF Growth REIT II, LLC. c/o Corporation Service Company
    251 Little Falls Drive
    Wilmington, DE 19808

Executed on February 2, 2026 , at Simsbury, Connecticut.

[x] I hereby certify that I am a member of the Bar of the United States District Court, Southern District of California.

[ ] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By: /s/ Joshua Kons
Joshua Kons