LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua B. Kons (SBN 244977)
92 Hopmeadow Street, Suite 205
Weatogue, CT 06089
Tel: (860) 920-5181
Fax: (860) 920-5174
joshuakons@konslaw.com

[Additional Parties Listed on Signature Page]

Attorneys for Plaintiffs MARK FERRY, VALERIE HAMERLING, IGOR KOROSTELEV, and RYAN KRAUSE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY FERRY, IGOR KOROSTELEV, VALERIE HAMERLING and RYAN KRAUSE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DF GROWTH REIT, LLC, DF GROWTH REIT II, LLC, DIVERSYFUND, INC., CRAIG CECILIO, and ALAN LEWIS,<br><br>Defendants. | Case No. 3:22-cv-2001-AJB-VET<br><br>**DECLARATION OF JOSHUA B. KONS IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

I, JOSHUA B. KONS, declare and state as follows:

1. I am competent to testify in a court of law and if called to do so would testify as specified herein.

2. I am one of the attorneys Plaintiffs retained to represent them in their claims against Defendants.

1
**DECLARATION OF JOSHUA B. KONS IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

3. Together with co-counsel, my office filed suit against Defendants on December 16, 2022.

4. After several years of litigation, counsel for Defendants withdrew. Defendants Lewis and Cecilio are defending themselves pro se, whereas the Entity Defendants were defaulted for failure to secure successor counsel.

5. Pursuant to Cal. Corp. Code § 25501, any person who violates Cal. Corp. Code § 25401 shall be liable to the purchaser for damages or rescission, if the securities are still owned.

6. Per the terms of Cal. Corp. Code § 25501, under the rescission remedy, the purchaser may recover the consideration paid for the security, plus the legal rate of interest, less the amount of any income received on the security, upon tender of the security.

7. Article XV, §1 of the California Constitution sets the pre-judgment interest rate at 7% applicable to non-contract claims such as violations of the California Corporate Securities Act of 1968.

8. As alleged in the Third Amended Complaint, based on the Plaintiffs own books and records, they each purchased REIT I or REIT II shares:

**Mark Ferry**

- $25,000 DF Growth REIT, LLC shares on or about June 22, 2020.

### Valerie Hamerling

- Purchased $1,000 DF Growth REIT, LLC shares on or about June 2, 2021
- Purchased $1,000 DF Growth REIT, LLC shares on or about August 10, 2021
- Purchased $500 DF Growth REIT II, LLC shares on or about November 17, 2021
- Purchased $500 DF Growth REIT II, LLC shares on or about December 22, 2021
- Purchased $500 DF Growth REIT II, LLC shares on or about January 4, 2022

### Igor Korostelev

- Purchased $500 of REIT I on or about October 25, 2021
- Purchased $500 of REIT II on or about November 25, 2021
- Purchased $500 of REIT II on or about December 25, 2021
- Purchased $500 of REIT II on or about January 25, 2022
- Purchased $500 of REIT II on or about February 25, 2022
- Purchased $500 of REIT II on or about March 25, 2022

### Ryan Krause

- Purchased $500 of DF Growth REIT, LLC shares, and was a record shareholder as of December 31, 2021.

12. The Plaintiffs still hold the shares that they purchased in the Entity Defendants, and therefore the appropriate remedy in this case is an order of rescission.

13. The Plaintiffs have propounded discovery on Messrs. Lewis and Cecilio to confirm the above information and to obtain further information about distributions and/or income actually paid to the Plaintiffs.

13. The defaulting parties in this matter are not infants, nor incompetent

3

**DECLARATION OF JOSHUA B. KONS IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

persons, and the Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply.

14. Notice of Plaintiff's Motion for Default Judgment will be served on the registered agent for the Entity Defendants with copies to Messrs. Lewis and Cecilio, and proof of said service shall be filed with the Court.

15. For purposes of the rescission remedy under Cal. Corp. Code § 25501, the Plaintiffs have tendered their investments in the Entity Defendants, as set forth in Exhibit 1 hereto. Exhibit 1 will also be served on the Entity Defendants concurrently with the Motion for Default Judgment with copies to Messrs. Lewis and Cecilio.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/2/26

By: _____
Joshua Kons

State of: Connecticut
County of: Hartford
The foregoing instrument was acknowledged before me 2nd day of February 2026

_____
Your Name Here, Notary Public
My Commission Expires Oct. 31, 2030

# EXHIBIT 1

Law Offices of
## Joshua B. Kons
A Limited Liability Company

92 Hopmeadow Street · Second Floor
Weatogue, CT 06089

Joshua B. Kons, Esq.
T: (860) 920-5181
E: joshuakons@konslaw.com

Admitted in CA, CT, IL, and WI

February 2, 2026

**VIA USPS AND/OR PERSONAL SERVICE**

DF Growth REIT, LLC
DF Growth REIT II, LLC
DiversyFund, Inc.
c/o Corporation Service Company
251 LITTLE FALLS DRIVE
Wilmington, DE 19808

*RE: 3:22-cv-02001-AJB-VET*
*Ferry et al. v. DF Growth REIT, LLC et al.*

To Whom It May Concern,

Pursuant to the applicable state securities statutes at issue in the above-referenced arbitration, please let this letter serve as formal notice pursuant to Cal. Corp. Code § 25501, this correspondence constitutes a formal tender of all right, title and interest in the securities in DF Growth REIT, LLC and DF Growth REIT II, LLC purchased by Mark Ferry, Igor Korostelev, Valerie Hamerling, and Ryan Krause ("Plaintiffs"). As alleged in the above-captioned action, the securities were sold in violation of § 25401 of the Cal. Corp. Code

The Plaintiffs hereby tender these securities in exchange for the consideration paid for the securities purchased, together with interest at the legal rate from the date of purchase, less any income received on the security. The Plaintiffs also demand reasonable attorneys' fees and costs incurred in connection with prosecuting the action.

Please confirm in writing no later than February 13, 2026 if this tender is accepted. Nothing in this letter constitutes a waiver of any rights, claims, or remedies, all of which are expressly reserved.

Very truly yours,

Joshua B. Kons, Esq.
Counsel for Plaintiffs

JBK/idi